**Pete GARCIA, Plaintiff,**

v.

**JEFFERSON COUNTY, COLORADO; Jefferson County Sheriff; and John Does (# 1–10, all current and/or past employees of the Jefferson County Sheriff's Department whose identities are currently unknown), Defendants.**

Civ. A. No. 88–F–473.

United States District Court, D. Colorado.

July 11, 1988.

Howard Bittman, Boulder, Colo., for plaintiff.

David R. Brougham, Richard J. Spelts, Denver, Colo., for defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on defendants' motion to dismiss plaintiff's first amended complaint, filed June 6, 1988. The court has reviewed defendants' motion, the parties' briefs, and the statutory and case law relevant to the issues presented therein. We GRANT IN PART and DENY IN PART defendants' motion for the reasons set forth below.

### I.

The facts underlying plaintiff's complaint arise from his 1987 arrest by members of the Special Enforcement Unit ("SEU") of the Jefferson County Sheriff's Department ("Jeffco Sheriff"). On March 27, 1987, the SEU assisted the federal Drug Enforcement Agency in executing a no-knock search warrant for a residence in Jefferson County. The law enforcement agencies had obtained the warrant as a result of their investigation into narcotics sales involving plaintiff's brother, Alger Garcia.

Both plaintiff and his brother were in the residence when the deputies arrived with the warrant in the early morning of March 27, 1987. An exchange of gun fire occurred, in which two deputies were wounded. Plaintiff and his brother were subsequently arrested and taken into custody. Plaintiff's bail originally was set at $1,000,000. After eight months of confinement, plaintiff entered a guilty plea to the offense of being an accessory to commit first degree assault, a felony.

Plaintiff originally filed this complaint pro se on March 25, 1988. He later retained counsel and amended the complaint on May 25, 1988. Plaintiff's complaint asserts two claims for relief: first, plaintiff brings claims against the defendants for alleged violations of his constitutional rights under 42 U.S.C. § 1983; second, plaintiff asserts a state law cause of action for abuse of process. The court has jurisdiction over plaintiff's first claim for relief pursuant to federal statute, 28 U.S.C. § 1331. We have jurisdiction over plaintiff's second claim for relief under the doctrine of pendent jurisdiction.

### II.

█ Defendants have moved to dismiss plaintiff's claim under section 1983 for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). A section 1983 claim should not be dismissed unless it clearly appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Nygren v. Predovich,* 637 F. Supp. 1083, 1086 (D.Colo. 1986). In order to state a claim for relief under section 1983, plaintiff must establish: (1) the defendants acted under color of state law; and (2) the defendants' actions deprived the plaintiff of some right, privilege, or immunity secured by the constitution or the laws of the United States.

## A. *Municipal liability under section 1983.*

We will first examine plaintiff's claims against the county. Plaintiff concedes that his amended complaint improperly designates the county as "Jefferson County, State of Colorado." The parties agree that the county should be sued as "Board of County Commissioners of Jefferson County" pursuant to C.R.S. § 30–11–105. The court would permit plaintiff to amend his complaint to correct this procedural error.

■ More significantly, defendants contend that the court must dismiss plaintiff's section 1983 claim against the county for failure to state a claim upon which the court may grant relief. Plaintiff cannot impose municipal liability under section 1983 unless he alleges that his injuries were inflicted pursuant to a governmental policy or custom. *City of St. Louis v. Praprotnik,* —— U.S. ——, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed. 2d 611 (1978). Plaintiff's amended complaint does not allege the existence of an unconstitutional custom, practice, or policy invoked by defendant Jefferson County. Proof of a single instance of unconstitutional activity is insufficient to impose civil rights liability on the municipality under the *Monell* rule unless plaintiff can also prove the incident was caused by an existing unconstitutional policy. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). There are no facts alleged in plaintiff's amended complaint to infer that any of the individuals involved in plaintiff's arrest and confinement were acting pursuant to an unconstitutional county custom, policy, or practice. The section 1983 claim against defendant Jefferson County is DISMISSED.

## B. *Deprivation of constitutional rights under section 1983.*

Defendants also contend that plaintiff was not deprived of any right secured by the constitution or the laws of the United States. Plaintiff's amended complaint identifies the specific constitutional rights allegedly violated as: (1) freedom from deprivation of liberty without process; (2) freedom from summary punishment; (3) freedom from excessive bail; (4) right to equal protection of the law; and (5) freedom from cruel and unusual punishment.

■ Defendants assert that plaintiff's equal protection claim is defective. We agree. Plaintiff failed to allege that defendants intentionally discriminated against him or that he belonged to any protected class of persons. *Village of Arlington Heights v. Metro. Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed. 2d 450 (1977). This claim is DISMISSED. *Nygren v. Predovich,* 637 F.Supp. at 1087.

■ Defendants also argue that plaintiff's claim that his incarceration in the Jefferson County Jail violated the eighth amendment must be dismissed. Defendants correctly contend that the constitutional right to be free from cruel and unusual punishment protects only those individuals actually convicted of crimes. *Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983); *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1978). Plaintiff's confinement occurred before any formal adjudication of his guilt. He cannot establish a cause of action under the eighth amendment for cruel and unusual punishment, and his claim is DISMISSED.

Plaintiff's three remaining claims under section 1983 are vague and conclusory, as defendants have stated. However, the court will permit plaintiff to amend his complaint to set forth, with greater particularity, the specific constitutional rights implicated in this action.

## C. *Pendent state claim.*

■ Finally, defendants request that the court decline to exercise pendent jurisdiction over plaintiff's second claim for abuse of process. It is well-established that this court, as the trial court, may exercise its sound discretion in determining whether to accept jurisdiction over pendent state claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130,

1139, 16 L.Ed.2d 218 (1966). The court finds that consideration of the state law claim, raised in the context of a section 1983 suit, will lead to jury confusion and unnecessarily expand the scope of the trial. We leave resolution of this claim to the state court tribunal, where plaintiff has filed an identical lawsuit. Accordingly,

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendant Jefferson County, Colorado, is DISMISSED. Plaintiff's claims for violation of equal protection and cruel and unusual punishment are DISMISSED. Plaintiff is DIRECTED to amend his complaint no later than July 22, 1988, to set forth, with more particularity, the three remaining constitutional violations alleged and the facts supporting these allegations. Plaintiff's second pendent state law claim for relief is DISMISSED.