**J.F.K. CUSTOMS BROKERS ASSOCIATION, INC.,**
Plaintiff,

v.

**UNITED STATES of America, et al., Defendants.**

No. 89–CV–2299 (TCP).

United States District Court,
E.D. New York.

July 10, 1990.

On Motion for Reargument
Aug. 29, 1990.

Soller, Singer & Horn by Carl R. Soller, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty. by Richard Goldstein, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule 12(b)(1) and (6) of Civil Procedure. For the reasons stated below, this motion is granted.

### Relevant Background

Plaintiff J.F.K. Customs Broker Association, Inc., is a non-profit corporation representing the interests of custom brokers doing business in and around J.F.K. International Airport.

In October, 1988, plaintiff filed suit in the District of New Jersey. Defendants moved to dismiss the complaint or in the alternative for summary judgment. On June 28, 1989 Judge Lechner signed a letter-opinion and order. In that letter-opinion, the Court granted plaintiff leave to amend its complaint and ordered the action transferred to the Eastern District of New York.

On September 27, 1989, plaintiff served an amended complaint alleging nine claims. The first claim alleges that defendant U.S. Customs' interpretation and application of the term "consignee" is incorrect and the term should be defined as it is by the Uniform Commercial Code ("U.C.C."). In its second claim, plaintiff alleges that defendant U.S. Customs requires full compliance from certain importers of record while allowing customs brokers appointed by express air services to make entries without providing all required information. The third claim alleges that defendant U.S. Customs accepts entries by express air services appointed customs brokers without that broker notifying the actual importer in advance or transmitting directly to the importer a statement of the brokers' fees. The fourth claim alleges that brokers appointed by express air services fail to inform the importers when entry is made and notify them of any problems and that U.S. Customs tolerates and even encourages such actions by brokers appointed by express air services when it would not allow other brokers to engage in such practices. The fifth claim alleges that U.S. Customs engages in a discriminatory policy by improperly allowing express air services appointed brokers to make entry under special informal expedited entry procedures. According to the complaint, U.S. Customs regulations permit such special entries only when the total value of the entry is less than a specified dollar amount but U.S. Customs allows customs brokers appointed by express air services to make such entries whenever no individual component of the shipment exceeds that amount. In the sixth claim, plaintiff alleges that defendant U.S. Customs permits brokers appointed by express air services to make entry on quota and other restricted merchandise through the special expedited entry procedures although Customs regulations require that a broker entering such merchandise to do so by formal entry between the hours 8:30 a.m. and 4:30 p.m. The seventh claim alleges that statements made by customs brokers appointed by express air services during entry without knowledge or reason

to believe their truth thereof are false declarations prohibited by 18 U.S.C. § 1001 and that defendant U.S. Customs selectively enforces this section of Title 18 by allowing express air services and their brokers to make such statements while requiring other brokers to comply with 18 U.S.C. § 1001. The eighth claim alleges that defendant U.S. Customs provides personnel to staff air express service hubs, i.e. points of entry, on an overtime basis but refuses to provide such personnel at other hubs and hence air express service brokers can make entry after normal business hours while other brokers cannot. Finally, plaintiff, in its ninth claim alleges that defendant U.S. Customs promulgated regulations without the required economic impact analysis.

*Discussion*

It is well-established that a complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Further, in determining whether a plaintiff can prove any set of facts which would entitle him to relief, a Court may not question a plaintiff's evidentiary ability to prove such allegations but rather must accept them as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ While it is quite clear that a plaintiff's factual allegations must be accepted as true, here, plaintiff argues that this Court must also accept its legal allegations as true. Plaintiff's Memorandum of Law in Opposition to Defendants Motion to Dismiss the Amended Complaint, p. 2. In its opposition brief, plaintiff argues that the interpretation of 19 U.S.C. § 1484 and the definition of the term "consignee" may not properly be considered on a Rule 12(b)(6) motion "since such a disagreement about the *facts* cannot be resolved at this stage in the proceedings." *Id.* (emphasis added). Plaintiff is mistaken. Whether "consign-

ee" as used in § 1484(a)(2)(C) refers only to what plaintiff characterizes as an "ultimate" consignee or also refers to "nominal" consignees such as air express services is not a factual dispute but rather a pure legal dispute which may properly be decided by this Court at this time.

Section 1484(a)(2)(C) provides:

When an entry of merchandise is made under this section, the required documentation shall be filed either by the owner or purchaser of the merchandise or, when appropriately designated by the owner, purchaser or consignee of the merchandise, a person holding a valid license under Section 1641 of this title. When a consignee declares on entry that he is the owner or purchaser of merchandise, the appropriate customs officer may, without liability, accept the declaration.

While the statute expressly states that the owner, purchaser or consignee may designate a customs broker, plaintiff maintains that the term "consignee" as used in the statute refers only to "ultimate" consignees and hence U.S. Customs' interpretation and application of the statute to allow "nominal" consignees such as express air services to designate a customs broker to make entry is improper. Plaintiff appears to base this argument on the basis of the definition of consignee in the U.C.C. *See* Complt. ¶ 60.

However, the U.C.C. does not govern Title 19 and this Court is under a duty to give the terms of the statute their plain meaning, not the meaning given by the U.C.C. The plain meaning of "consignee" is one to whom something, especially goods, is "entrusted." *See* Webster's New World Dictionary (2d ed. 1970). Here, the goods for which entry is being made have certainly been entrusted to the express air services and thus, in the opinion of this Court the statute clearly and expressly allows for express air services to appoint customs brokers to make entry.

Further, the federal courts have repeatedly held that for purposes of the Tariff Act "consignee" is to be broadly defined in light of the revenue collection purposes

of the Act. As Judge Jane Restani of the U.S. Court of International Trade recently explained, "for tariff purposes ("consignee") is not synonymous with 'owner' or 'purchaser'" and "includes both nominal and ultimate consignees." *National Customs Brokers and Forwarders Ass'n of America v. The United States, et al.,* — CIT —, 731 F.Supp. 1076 (1990). Therefore, accepting plaintiff's factual allegations as true, i.e. Customs allows express air services to appoint customs brokers to make entry, plaintiff's first claim fails to state a claim because the law permits just that.

During oral argument,[1] it seemed to this Court that plaintiff was actually requesting this Court to establish a hierarchy, that is if the owner designated XYZ customs broker and the express air services designated ABC customs broker, then the owner designated customs broker should take priority. However, the statute in no way indicates that any hierarchy exists between those who may properly designate a broker and this Court declines to take it upon itself to read such a hierarchy into the statute.

As this Court explained during oral argument, plaintiff's grievance is actually with its members' own clients. Those importers, which have had a contractual relationship with plaintiff's members, may insist, if they so wish, that the seller from whom they buy ship the goods by a service which will honor the importer's request for a certain broker.[2] Perhaps plaintiff has a claim for breach of contract against certain importers but this Court will not read the statute to mean that the importer's designation takes priority over the consignee's designation.

■■■■ Plaintiff's second through eighth claims allege that defendant U.S. Customs has violated plaintiff's right to equal protection under the laws by providing customs brokers appointed by express air services certain benefits not provided other brokers. Social and economic legislation that does not differentiate based on suspect classifications or impinge on funda-

mental rights is constitutional if rationally related to a legitimate governmental purpose. *Hodel v. Indiana,* 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981) (*citing Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981); *U.S. Railroad Retirement Board v. Fritz,* 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). Moreover, as explained by the Supreme Court in *Hodel v. Indiana,* 452 U.S. 314, 332, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40 (1981), "such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." "Social and economic legislation is valid unless 'the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational.'" *Id.* quoting *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 943, 59 L.Ed.2d 171 (1979).

Here, a Federal Register notice, dated May 8, 1989, explained that the express consignment industry which had grown tremendously had special needs because the consignments were time sensitive. Plaintiff concedes that this Court may take judicial notice of the Federal Registry but then argues that reasonable minds could differ as to the accuracy of the Registry and hence, this Court may not determine this issue on a Rule 12(b)(6) motion. Plaintiffs maintain that the reasons presented in the Federal Registry are self-serving statements made by defendant U.S. Customs and that the truth of the statements are in dispute. Again, plaintiff's argument seems to confuse factual questions with the legal issues. If reasonable minds could dispute plaintiff's factual allegations which are at issue, then it would be improper for this Court to determine the issue on a Rule 12(b)(6) motion. Here, whether or not the express industry is a growing industry or of a time sensitive nature are factual questions.

However, it is not for this Court on a Rule 12(b)(6) motion or any other motion to

---

1. See transcript pages 35–37.

2. See transcript pages 35–37.

determine the extent to which the industry has grown or the extent that the industry has a time sensitive nature. Rather, this Court must merely determine whether the reason for Custom's treatment of the customs brokers appointed by express air services is rationally related to a legitimate government purpose and this is a legal question. Here, we find that accommodating a growing industry of a time sensitive nature is a legitimate government purpose and that the practices alleged to be engaged in by Customs [3] are rationally related to this purpose. While this case is presently in the posture of a motion to dismiss, it seems to this Court that as a matter of law, that accommodating the time sensitive needs of the express industry [4] is rationally related to U.S. Customs allowing certain exceptions and providing certain accommodations, e.g. overtime personnel, to those brokers and hence, plaintiff's second through eighth causes of action are hereby dismissed.

This Court is of the view that plaintiff's equal protection claims are based on the fact that defendant U.S. Customs allows customs brokers appointed by express air services special accommodations because they are appointed by express air services. This Court is not ruling that defendant U.S. Customs may allow express air services to engage in such expedited procedures for reasons unrelated to the fact the industry is of a time sensitive nature and needs such accommodations and permits plaintiff leave to amend its complaint if that is the nature of its claim.

----

3. It seems to this Court that the practices alleged, e.g. overtime personnel provided at express air service hubs, are factual allegations of the nature which must be accepted as true on a motion to dismiss and this Court has accepted these allegations as true.

4. Plaintiff does not allege that its members have attempted to qualify for express services under Part 28 of the C.F.R. and have been discriminatorily rejected.

1. This Court also notes that not only did plaintiff have ample time to respond to any submissions by the Government but also that the Government was under a duty to notify the

----

Plaintiff also maintains that its second, eighth and ninth claims are also brought under the Administrative Procedure Act but does not allege facts sufficient to constitute any claim of arbitrary and capricious behavior on the part of defendant U.S. Customs and hence the claims are insufficient and must be dismissed.

In conclusion, plaintiff's amended complaint must be and hereby is dismissed.

SO ORDERED.

## ON MOTION FOR REARGUMENT

Plaintiff moves this Court for reargument and reconsideration of the judgment entered in this action on July 12, 1990. This motion is denied.

With regard to plaintiff's assertion that this Court improperly dismissed plaintiff's ninth claim, this Court notes that even assuming *arguendo* that Customs failure to conduct RFA economic impact analyses is judicially reviewable in what is essentially a mandamus action, this Court holds to its earlier decision that plaintiff's ninth cause of action fails to state any set of facts upon which relief may be granted.[1]

SO ORDERED.

----

Court of the *National Customs Brokers and Freight Forwarders Association v. United States* decision. Further, since this Court has already fully considered plaintiff's view of the proper definition of consignee, whether or not the interpretation ultimately accepted by this Court is erroneous is a matter for appeal not reargument. Also, as explained in our Memorandum and Order, dated July 10, 1990, in this Court's opinion, plaintiff is confused as to what may properly be considered on a motion to dismiss. See Memorandum and Order, pp. 5–6 and p. 11 n. 3. Finally, this Court reserved on its decision after oral argument so that it might more fully consider the issue and hence, clarify and perhaps even alter its views.