930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Robert H. KETCHUM, a/k/a Jim Ehler, Plaintiff-Appellant,
v.
DENVER POLICE DEPARTMENT, Defendant-Appellee.
 No. 90-1282.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of a complaint filed under 28 U.S.C. Sec. 1983. Mr. Ketchum complains that he was falsely arrested by officers of the Denver Police Department. The district court reviewed Mr. Ketchum's pro se brief and dismissed his claims for failure to state a claim upon which relief can be granted. We affirm.
 
 
 3
 Keeping in mind that a pro se complaint is held to a less stringent standard than a complaint drafted by a lawyer, Estelle v. Gamble, 429 U.S. 97, 106 (1976), we have reviewed Mr. Ketchum's arguments to determine whether he could prove any set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While Mr. Ketchum alleges that he has been falsely arrested "repeatedly" and "the cops persist ... in false arrest," he does not allege that it was the Denver Police Department that repeatedly arrested him, nor does he allege any facts that could be construed, even in the most forgiving light, as establishing a custom or policy adopted by the Denver Police Department abridging his constitutional rights.
 
 
 4
 It is well established that to state a claim under Sec. 1983 the plaintiff must allege that the defendant has adopted an unconstitutional custom or policy, and cannot state a claim for relief under Sec. 1983 by pointing to isolated incidents. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Furthermore, the Denver Police Department cannot be held liable under Sec. 1983 on a theory of respondeat superior. Id.
 
 
 5
 Because Mr. Ketchum fails to allege an unconstitutional custom or practice, he also fails to establish the required causal nexus between this established custom or policy and the particular acts alleged. In Rizzo v. Goode, 423 U.S. 362 (1976), the Supreme Court stated that a municipality cannot be held liable under Sec. 1983 for civil rights violations caused by individual police officers unless the plaintiff can show an "affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy ... showing their [the municipal policymaker's] authorization or approval of such misconduct." Id. at 371. As this court has stated previously, "it is the obligation of the plaintiff to prove that there exists a direct nexus between the constitutional torts ... and the [policymaker's] authorization or approval thereof ... by the adoption of any plan or policy." D.T. by M.T. v. Independent School Dist. No. 16, 894 F.2d 1176, 1187 (10th Cir.), cert. denied, 111 S.Ct. 213 (1990).
 
 
 6
 In the present case, Mr. Ketchum fails to allege any facts that could give rise to a colorable claim that the Denver Police Department has adopted a custom or policy that deprived him of a constitutional right. Neither has he alleged a causal link between a policy decision made by the Denver Police Department and the purported abusive behavior of the individual policemen. Instead, it appears that he is merely asserting a claim of respondeat superior, which is not sufficient to state a claim for relief under Monell.
 
 
 7
 Therefore, on these grounds we AFFIRM the district court's dismissal of Mr. Ketchum's claims under Fed.R.Civ.P. 12(b)(6). The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3