The FIRST NATIONAL BANK
OF CHICAGO, Plaintiff,

v.

UNISYS FINANCE CORPORATION and
the Resolution Trust Corporation,
etc., Defendants.

UNISYS FINANCE CORPORATION,
Plaintiff,

v.

The FIRST NATIONAL BANK OF CHICAGO and the Resolution Trust Corporation, etc., Defendants.

Nos. 91 C 1050, 91 C 1884.

United States District Court,
N.D. Illinois, E.D.

Oct. 25, 1991.

---

Lynn Adrian Goldstein, Cynthia H. Hyndman, First National Bank of Chicago, Chicago, Ill., for plaintiff First Nat. Bank of Chicago.

Michael D. McCormick, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendant Unisys Finance Corp.

Thomas R. Meites, Michael M. Mulder, Annette Ruth Appell, Meites, Frackman & Mulder, Chicago, Ill., for defendant Resolution Trust Corp.

## MEMORANDUM OPINION

GRADY, District Judge.

This case, arising under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(e), comes before the court on the motion of defendant Resolution Trust Corporation ("RTC") to dismiss the complaint of plaintiff Unisys Finance Corporation ("Unisys") (No. 91 C 1884). For the reasons stated below, RTC's motion is granted.

## FACTS

In June 1987, Concordia Federal Bank for Savings ("Concordia") entered a 60–month lease for computer equipment from Unisys. As security for its monthly payments and other lease obligations, Concordia pledged marketable securities, which are currently being held by the First National Bank of Chicago ("First Chicago").

On May 29, 1990, Concordia was ordered closed by the federal Office of Thrift Supervision, and RTC was appointed as receiver. On August 23, 1990, RTC informed Unisys that it was repudiating the lease pursuant to 12 U.S.C. § 1821(e)(1). Unisys responded by sending a notice of default to RTC on September 11, 1990, and demanding full payment of all damages on September 20, 1990. On October 10, 1990, Unisys asked First Chicago to release the pledged securities pursuant to the parties' 1987 security agreement.

First Chicago declined to release the securities to either Unisys or RTC, and on February 19, 1991, filed an interpleader action in this court, *The First Nat'l Bank of Chicago v. Unisys Fin. Corp., et al.*, No. 91 C 1050. On March 28, 1991, Unisys brought this related action (No. 91 C 1884) pursuant to 12 U.S.C. § 1819 to recover $303,014.38 from RTC directly or from the pledged securities held by First Chicago. RTC now moves to dismiss Unisys' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

A motion to dismiss is appropriate "only if the plaintiff cannot prove any set of facts upon which relief may be granted." *Rankow v. First Chicago Corp.*, 870 F.2d 356, 357 n. 1 (7th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Here, the parties agree as to the relevant facts. *See* Motion to Dismiss of Resolution Trust Corporation at 2.

As plaintiff acknowledges, this dispute centers upon the proper construction of 12 U.S.C. § 1821(e), which gives RTC the right

to repudiate executory contracts.[1] Unisys' Memorandum in Opposition to RTC's Motion to Dismiss at 4. In determining a statute's meaning, the court must not emphasize a single provision but should "look to the provisions of the whole law, and to its object and policy." *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 220–21, 106 S.Ct. 2485, 2493, 91 L.Ed.2d 174 (1986) (quoting *Mastro Plastics Corp. v. NLRB*, 350 U.S. 270, 285, 76 S.Ct. 349, 359, 100 L.Ed. 309 (1956)).

Defendant RTC argues that § 1821(e)(4) bars recovery of the pledged securities, because the statute limits a receiver's liability upon lease repudiation to the amount of unpaid back rent,[2] and it is undisputed that RTC was not in default at the time it repudiated the lease. Section 1821(e)(4)(B)(i) provides that a lessor's damages are limited to the contractual rent accruing before the date "the notice of disaffirmance or repudiation is mailed" or the date "the disaffirmance or repudiation becomes effective." The provision also permits recovery "for any unpaid rent ... due as of the date of the [receiver's] appointment...." 12 U.S.C. § 1821(e)(4)(B)(iii). Section 1821(e)(4)(B)(ii) expressly prohibits a "claim for damages under any acceleration clause or other penalty provision in the lease." Further, the statute limits general contract damages claims to recovery of "actual direct compensatory damages." 12 U.S.C. § 1821(e)(3)(A).

Plaintiff contends that RTC's right to disaffirm the lease is limited by § 1821(e)(11), which prohibits "avoidance of any legally enforceable or perfected security interest in the assets of any depository institution." 12 U.S.C. § 1821(e)(11).[3] Plaintiff argues that it holds a perfected security interest in the pledged securities which cannot be defeated by RTC's repudiation of the lease.

However, the securities were pledged "to secure the payment and performance of all of [Concordia's] obligations under the lease...." Complaint (91 C 1884), Exhibit "B". When RTC repudiated the lease on August 23, 1990, it had performed all of its lease obligations up to that point. Had RTC been in default at the time it exercised its power to disaffirm the lease, the security agreement would have provided for payment of any arrearage. As it stands, however, there was no default to secure. Plaintiff's interpretation of § 1821(e)(11) would permit the recovery of future rent payments in contravention of the express limitation of damages in § 1821(e)(4)(B).

## CONCLUSION

RTC's motion to dismiss Unisys' complaint (No. 91 C 1884) pursuant to Fed. R.Civ.P. 12(b)(6) is granted. The cause will be dismissed, with prejudice. The case is set for a status hearing on November 12, 1991, at 9:45 a.m. for entry of an appropriate judgment order.

---

1. Section 1821(e)(1) provides:
   [T]he conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease—
   (A) to which such institution is a party;
   (B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and
   (C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator or receiver's discretion, will promote the orderly administration of the institution's affairs.

2. Section 1821(e)(4)(A) provides that when "the conservator or receiver disaffirms or repudiates a lease under which the insured depository institution was the lessee, the conservator or receiver shall not be liable for any damages (other than damages determined pursuant to subparagraph (B)) for the disaffirmance or repudiation of such lease." 12 U.S.C. § 1821(e)(4)(A).

3. In full, Section 1821(e)(11) provides:
   No provision of this subsection shall be construed as permitting the avoidance of any legally enforceable or perfected security interest in any of the assets of any depository institution except where such an interest is taken in contemplation of the institution's insolvency or with the intent to hinder, delay or defraud the institution or the creditors of such institution.