No. 91-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

SOURDOUGH PROTECTIVE ASSOCIATION, INC.,
a Montana Corporation,

Plaintiff and Appellant,

-vs-

BOARD OF COUNTY COMMISSIONERS OF GALLATIN COUNTY and
HIGH RIDGE ESTATES OF MONTANA, INC.,

Defendants and Respondents.

**FILED**

JUN 29 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry F. Schaplow, Attorney at Law, Bozeman, Montana

For Respondent:

A. Michael Salvagni, Gallatin County Attorney,
Bozeman, Montana
Michael J. Lilly; Berg, Lilly, Andriolo & Tollefson,
Bozeman, Montana.

Submitted on Briefs:   March 12, 1992

Decided:   June 29, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Sourdough Protective Association Inc. (Sourdough) appeals from the Judgment of the District Court of the Eighteenth Judicial District, Gallatin County, Montana, which dismissed Sourdough's appeal and denied Sourdough's motion for a stay of proceedings. We affirm.

This appeal originates from the respondent's, High Ridge Estates of Montana, Inc. (High Ridge), application to the Board of County Commissioners of Gallatin County (Board) for a preliminary plat approval of a proposed subdivision. High Ridge desired to subdivide real property located within the jurisdiction of the City of Bozeman as well as the jurisdiction of Gallatin County.

Initially, High Ridge presented the subdivision concept to the City-County Planning Board which indicated to the Board that it would accept an invitation to review the proposal in total. In January of 1990, the Board declined the City-County Planning Board's invitation, citing concerns about possible unauthorized expansion of that entity's planning jurisdiction. Accordingly, High Ridge applied to the Board for preliminary subdivision plat approval. In December of 1990, after public notice and hearing, the Board granted conditional approval of the proposed subdivision application and issued Findings of Fact.

In January 1991, Sourdough appealed the Board's decision to District Court requesting that a Writ of Mandamus be issued directing the Board to appoint the City-County Planning Board to review the entire project and reverse the Board's Findings of Fact. In February

2

of 1991, High Ridge, whose motion to intervene was later granted, and the Board filed motions to dismiss under Rule 12(b)(6), M.R.Civ.P. Sourdough moved for a stay on May 6, 1991. The District Court conducted a hearing on all motions on May 13, 1991. The District Court denied Sourdough's motion for a stay on June 3, 1991, and dismissed the appeal a day later.

The issues on appeal are as follows:

I. Whether the District Court erred in granting the respondents' motions to dismiss Sourdough's petition for appeal.

II. Whether the District Court erred in denying Sourdough's motion for a stay of proceedings.

We previously set forth the standard of review regarding discretionary trial court rulings as follows:

> Our standard of review relating to conclusions of law is not to be confused with our review of discretionary trial court rulings. This has been defined as "encompassing the power of choice among several courses of action, each of which is considered permissible." See Aldisert, The Judicial Process, 1976, page 759. Such rulings are usually trial administration issues, scope of cross-examination, post-trial motions, and similar rulings. The standard of abuse of discretion will be applied to these rulings.

Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604. Therefore, we confine our review to encompass only whether the District Court abused its discretion in dismissing Sourdough's petition for appeal and for denying Sourdough's motion for a stay.

I. Dismissing Sourdough's petition for appeal.

Sourdough asserts that it properly appealed under § 76-2-110, MCA. However, this statute deals with planning and zoning issues

3

and cannot be interpreted, as Sourdough urges, to apply to the subdivision issue in the case at bar. Instead, the applicable sections regarding subdivision issues are §§ 76-3-101 et seq., MCA, which is Montana's Subdivision and Platting Act. The purpose of the Act is to "promote the public health, safety, and general welfare by regulating the subdivision of land; . . . ." Section 76-3-102, MCA (emphasis added). The legislature did not provide an appeal process under this Act for cases involving decisions of conditional approval of preliminary plats; accordingly, this Court, will not fabricate one. The District Court did not err in concluding that § 76-2-110, MCA, is inapplicable in the case at bar.

In the same manner, Sourdough asserts that its appeal was proper under § 2-4-702, MCA. Again, Sourdough misapplies this statute to the case at bar. Sections 2-4-701 et seq., MCA, are contained in the Montana Administrative Procedure Act (MAPA) and apply to administrative agencies. However, the County Board of Commissioners is specifically excluded from the agency definition of MAPA via § 2-4-102(2)(b), MCA, which states that an "[a]gency does not include a school district, unit of local government, or any other political subdivision of the state." Therefore, the appeal provisions of MAPA do not apply to the case at bar. Since Sourdough cannot properly appeal under § 2-4-702, MCA, the District Court did not abuse its discretion in arriving at that conclusion.

Respondents moved to dismiss under Rule 12(b)(6), M.R.Civ.P., because Sourdough failed to state a claim upon which relief could be granted. We have previously said that a motion to dismiss under

4

Rule 12(b)(6), M.R.Civ.P., should not be granted "unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Proto v. Missoula County (1988), 230 Mont. 351, 353, 749 P.2d 1094, 1096; quoting Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84.

We affirm the conclusion of the District Court that § 76-2-110, MCA, does not contain authorization to Sourdough to prosecute the present appeal, and that § 2-4-702, MCA, does not provide a legal basis upon which Sourdough may prosecute this appeal. We hold the District Court properly granted the respondents' motions to dismiss Sourdough's petition for appeal. In affirming the dismissal by the District Court on the foregoing basis, we do not find it necessary to consider the remaining conclusions of the District Court in which it weighed the conduct of the Board of County Commissioners and concluded that the Board did not abuse its discretion.

II. Denial of Sourdough's motion for a stay of proceedings.

Sourdough asserts that the District Court erred in not granting its motion for a stay of proceedings. A review of the record indicates that Sourdough failed to cite authority for this position. The transcript of the May 13, 1991 hearing on motions to dismiss and for a stay further indicates Sourdough's lack of authority for the stay. The testimony, in part, was as follows:

> THE COURT: . . . So, what do you think about his position that this really isn't a stay motion. It's a motion for an injunction.
>
> MR. SCHAPLOW [counsel for Sourdough]: Well, your Honor, we feel like it is a motion for a stay.

THE COURT: What's your authority for that?

MR. SCHAPLOW: We feel that a motion for stay is appropriate here as we've mentioned in our brief. We're simply asking that the Court stay the action of the County Commissioners until such time as the Bozeman Area Transportation Plan has been updated as will be testified by Mayor Hawks. A motion for stay is a typical motion that's brought in these kinds of proceedings to hold in obeyance any actions taken by the governing body until such time as the Court decides on the merits, or, as we've indicated here, until such time as the Bozeman Area Transportation Plan is updated.

THE COURT: You're asking that the County Commissioners' actions be stayed at this point.

MR. SCHAPLOW: That's true.

THE COURT: Haven't they already acted by approving the subdivision?

MR. SCHAPLOW: Well, they've approved it conditionally, by allowing the developer, High Ridge Estates, to go through a lot of procedural applications and so forth, which would ultimately end up in the construction of roads and various other improvements that have been contemplated. . . .

We agree with the District Court that Sourdough's motion for a stay is without statutory basis or other authority. In the event that the stay motion is interpreted as a preliminary injunction it must also fail as it does not meet the statutory criteria for such a motion as set forth by § 27-19-104, MCA.

Finding no abuse of discretion, we hold that the District Court ruled correctly in dismissing Sourdough's appeal and in denying the motion for a stay of proceedings. Affirmed.

_John Conway Harrison_
Justice

6

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Justice Terry N. Trieweiler specially concurring.

I reluctantly concur in the opinion of the majority.

It does not appear that either § 2-4-702, MCA, or § 76-2-110, MCA, allows an appeal from the county commissioners' preliminary plat approval of a proposed subdivision. However, it does seem anomalous that the legislature would enact specific criteria, such as those found in § 76-3-608, MCA, which must be met before a local commission can approve a subdivision, and then provide no means of judicially enforcing the law.

This opinion has not dealt with the issue of whether a writ of review or certiorari is available should county commissions or other local governing bodies ignore these criteria which have been enacted to "promote the public health, safety, and general welfare." Section 76-3-102, MCA. Therefore, I express no opinion about whether this decision leaves people who object to subdivisions, without any legal remedy. However, it does seem important to me that if the legislature's omission of an appeal provision comparable to § 76-2-110, MCA, from the Montana Subdivision and Platting Act was inadvertent, that that omission be remedied for the purpose of future review.

My concurrence in the majority opinion is based simply upon the record before the Court and the legal issues raised in this case. It is not intended to imply that there is no other method by which the decisions of local governmental bodies can be reviewed judicially.

Justice