JUSTICE NELSON
delivered the Opinion of the Court.
This is an appeal and cross-appeal from an Eleventh Judicial District Court, Flathead County judgment, granting summary judgment to the Intervenor on two issues and denying summary judgment on a third. We dismiss the appeal and remand.
We restate the issue on appeal as follows: is the decision of the board of county commissioners to conditionally approve a preliminary subdivision plat appealable?
The City of Kalispell and Flathead County have established the jurisdictional area of their city-county planning board pursuant to § 76-1-504, MCA. The planning board formulated a master plan for the jurisdictional area which was adopted by the City of Kalispell (the City) and Flathead County (the County) in 1986. The Intervenor owns an approximately 40 acre property which she wants to subdivide and which is located outside but within 3 miles of the corporate city limits of the City and within the jurisdictional area of the city-county planning board. This subdivision is at issue in the present action.
In July of 1991, Intervenor applied for preliminary plat approval for a 5 lot subdivision of her property to be named Ashley Business Park. In August of 1991, the Flathead Regional Development Office (FRDO) provided a report to the Board of Commissioners of Flathead County (the County Board), reviewing, commenting on, and recommending denial of, the application for the subdivision. The FRDO report concluded that the proposed subdivision was not in conformity with the master plan which had designated the area encompassing the proposed subdivision as being appropriate for agricultural use. Additionally, the FRDO report, for the most part, weighed the criteria specified in § 76-3-608, MCA, against the proposed subdivision.
Similarly, on presentment of the proposed subdivision to the City for its review and comment, the City adopted a resolution opposing the granting of preliminary subdivision approval by the County Board.
The journal of the County Board reflects that it reviewed the Intervenor’s application for plat approval in September of 1991. It *260 adopted the FRDO’s findings of fact with two amendments. However, despite the recommendation of the FRDO that the proposed subdivision be denied and the City’s opposition, the County Board, without making written findings of its own, granted preliminary plat approval to Ashley Business Park.
The City filed a complaint in the District Court on October 4,1991, contending that the County Board’s action in approving the preliminary plat was illegal because its decision amounted to spot zoning in an unzoned area; because the preliminary plat was not in conformity with the City-County Master Plan; and because the decision was not supported by substantial evidence and was arbitrary, capricious and an abuse of discretion. The City requested judgment that the County Board’s approval of the preliminary plat was null and void and that the court prohibit the County Board from approving the final plat until it conforms to the City-County Master Plan.
The Intervenor filed a motion for summary judgment in the action on the grounds that the approval by the County Board was supported by substantial evidence and that, as a matter of law, there could be no spot zoning. The Intervenor brought a second motion for summary judgment on the basis that the City lacked standing in the action.
Ultimately, the trial court ruled:
1. That Intervenor’s Motion for Summary Judgment on the issue of the Plaintiff’s lack of standing is DENIED.
2. That Intervenor’s Motion for Summary Judgment on the issue of whether the Defendant’s preliminary plat approval of a subdivision need not comply with the master plan is GRANTED.
3. That Intervenor’s Motion for Summary Judgment on the issue of spot-zoning is GRANTED.
This appeal by the City followed.
On appeal, the parties raise significant issues of first impression concerning whether the City has standing to bring this action, whether, and to what extent, the master plan must be used by the county board in the subdivision review process, and whether, in this case, that process was used to illegally spot zone in an unzoned area.
Notwithstanding, we must decline to rule on those issues at this time by reason of our decision in Sourdough v. Board of County Commissioners (1992), 253 Mont. 325, 833 P.2d 207.
That case involved the appeal by an intervening party from the county board’s conditional approval of a preliminary subdivision plat. In affirming the district court’s dismissal of the petitioner’s appeal *261 from the county board’s action, we held that the appeal was improperly taken under § 76-2-110, MCA, as that statute deals with planning and zoning issues. We also held that § 2-4-702, MCA, could not serve as the basis for appeal as the county board of commissioners is specifically excluded from the agency definition of the Montana Administrative Procedure Act via § 2-4-102(2)(b), MCA.
Finally, since that case, like the present one, was a subdivision case, we held that there was no mechanism under the Montana Subdivision and Platting Act, Title 76, Chapter 3, MCA, for appealing from the conditional approval of a preliminary subdivision plat. Specifically, we observed that, “[t]he legislature did not provide an appeal process under this Act for cases involving decisions of conditional approval of preliminary plats; accordingly, this Court, will not fabricate one.” Sourdough, 833 P.2d at 208. In dismissing the appeal we found it unnecessary to weigh the conduct of the county board and the exercise of its discretion in conditionally approving the preliminary plat.
In his special concurrence, Justice Trieweiler found that it was "... anomalous that the legislature would enact specific criteria, such as those found in § 76-3-608, MCA, which must be met before a local commission can approve a subdivision and then provide no means of judicially enforcing the law.” Sourdough, 833 P.2d at 210.
We note, however, that since our decision in Sourdough was handed down, the legislature enacted significant amendments to the Montana Subdivision and Platting Act but still declined to provide a statutory method for appealing from the conditional approval of a preliminary subdivision plat. See House Bill 408, Section 5, Chapter 272, Laws 1993, effective April 6, 1993.
While the dissent argues that the majority has, sua sponte, decided this case on an issue not raised or briefed by the parties, the Intervenor did, citing Sourdough, argue that there is no appeal from the conditional granting of a preliminary plat and that, therefore, "... there can be no standing to bring an action that cannot be brought.” Intervenor went on to observe that such a ruling was understandable because “... [ujntil the land owner has complied with the conditions of the preliminary plat, there is no risk of a case or controversy ... [and that] [i]t is upon submission and approval of the final plat, that the issue is ripe for judicial review.”
Notwithstanding, the City, in its reply brief filed after Intervenor’s brief, chose not to discuss, meet or even mention the citation to Sourdough by the Intervenor. We assume that if the City had dis *262 agreed with Intervenor’s interpretation of or reference to Sourdough, it would have said so.
That aside, for this Court to simply ignore a dispositive precedent decided within the last year because the parties themselves chose to avoid it or to not entirely rely on that case, merely creates confusion and uncertainty in the law.
In Sourdough, the plaintiff appealed the county board’s approval of a preliminary plat by requesting that a writ of mandamus issue directing the county board to appoint the city planning board to review the entire project and reverse the county board’s findings of fact. Notwithstanding, in affirming the dismissal of the complaint by the district court for failure to state a claim, we held that there is no appeal process from the approval of a preliminary plat under § 76-2-110, MCA (planning and zoning), under §§ 76-3-101, MCA, et. seq., (The Subdivision and Platting Act), or under § 2-4-702, MCA (MAPA).
Similarly, the City, here, filed a complaint for declaratory judgment, injunction, writ of mandamus or other appropriate writ praying that the county board’s approval of the preliminary plat be adjudged null and void and praying that the county board be prohibited from approving the final plat unless it conforms to the master plan. Since we declined “to fabricate” an appeal process under Sourdough, we must, if stare decisis means anything, decline to fabricate an appeal process in the instant case. If mandamus did not lie in Sourdough-, it does not lie here. If there was no appeal process available in the former case; there is none here, either.
While we did not discuss the availability of a writ of review in Sourdough, neither did the City, here, ask for such a writ or in any respect comply with the provisions of Title 27, Chapter 25, MCA, in seeking that relief, if that was its intention. Aside from referring to declaratory judgement, injunction, mandamus or other appropriate writ in the title of its complaint, those forms of relief are not otherwise referred to or prayed for in the City’s complaint. Under the circumstances, we are no more inclined to fabricate pleadings for the parties than we are to fabricate remedies.
This Court’s opinion is not to be read as rendering meaningless the statutory requirements of the Subdivision and Platting Act. Again, as in Sourdough, we make no comment on the county board’s conduct in this case nor do we pre-judge any of the substantive issues raised by the parties in this appeal. The discussion and resolution of those matters will simply have to await an appeal after judicial review of *263 the approval or denial of a final subdivision plat in this or some other case and controversy directly involving those issues.
Finally, and notwithstanding the adoption of major revisions to the Subdivision and Platting Act by the 1993 Legislature, that same body has chosen not to enact an appeal process from the approval of a preliminary plat at any time since the Act was adopted. While the wisdom of that decision may be questionable given the importance of the requirements of the Act and the potential for harm if the law is disregarded at a critical stage of the review process, it is not the prerogative of this Court to judicially remedy the situation.
Accordingly, our decision in Sourdough is dispositive, and we are constrained to dismiss this appeal as being premature.
Furthermore, and consistent with that decision, the District Court should not have entertained the City’s appeal from the County Board’s decision. Accordingly, we also remand to the District Court with instructions that it enter an order which vacates its findings of fact, conclusions of law and judgment dated October 29, 1992 and filed November 2, 1992, and which dismisses the City’s complaint without prejudice.
Appeal dismissed and case remanded.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY and WEBER concur.