**MICROTEL FRANCHISE AND DEVELOPMENT CORPO-RATION, Plaintiff,**

v.

**COUNTRY INN HOTEL, and Joseph Geloso, Defendants.**

No. 95–CV–6108L.

United States District Court, W.D. New York.

May 1, 1996.

**416**

James C. Rubinger, Mark D. Johnson, Brownstein & Zeidman, P.C., Washington, DC, Mark A. Costello, Boylan, Brown, Code, Fowler, Vigdor & Wilson, LLP, Rochester, NY, for Microtel Franchise and Development Corporation.

Frank N. Parisi, Parisi, Englert, Stillman, Coffey & McHugh, Schenectady, NY, for Country Inn Hotel and Joseph Geloso.

---

*DECISION AND ORDER*

LARIMER, Chief Judge.

This is an action for service mark infringement, unfair competition, and breach of contract. The plaintiff Microtel Franchise and Development Corporation ("Microtel") is a hotel franchisor. The defendant Country Inn Hotel ("Country Inn") was operated as a Microtel Hotel pursuant to a Franchise Agreement ("Agreement") entered into March 1992. Defendant Joseph Geloso is the President and owner of Country Inn and the personal guarantor of its obligations under the Agreement. This dispute arises out of the termination of that relationship and the alleged rights and obligations of Country Inn thereafter, under the terms of the Agreement.

In essence, Microtel alleges that after the Agreement was terminated, Country Inn continued using proprietary items in violation of various federal and state laws, to Microtel's detriment.

Country Inn[1] asserts three counterclaims. In its first counterclaim, Country Inn alleges that Microtel made "false representations to [Country Inn] during its promotion of the Microtel franchise." Answer at ¶ 21. Specifically, Country Inn alleges that Microtel failed to provide various services related to operating a "1–800" number. *Id.* at ¶¶ 22–24.

The second counterclaim is also for "false representations." Answer at ¶ 41. In this counterclaim, Country Inn specifically alleges that Microtel failed to provide a variety of promised services (*e.g.*, an "800" number, advertising, marketing, promotion, continuing consultation and advice, and other related services) or that Microtel failed to produce certain promised results (*i.e.*, a certain number of reservations, a certain occupancy rate, and a certain number of other franchisees). *Id.* at ¶¶ 29–40.

Finally, in its third counterclaim, Country Inn alleges that those same failings that are

---

**1.** Throughout this Decision and Order references to Country Inn shall include both Country Inn and Joseph Geloso, who have answered and moved jointly thus far in this litigation.

set forth in Counterclaim No. 2 also constitute a breach of the Agreement.

Presently before me is Microtel's motion to dismiss all of Country Inn's counterclaims. Microtel asserts that the first and second counterclaims should be dismissed because they are not pled with the particularity required under Fed.R.Civ.P. 9(b), and because they fail to constitute a cause of action for fraud.

Microtel asserts that the third cause of action should be dismissed because it fails to state a claim upon which relief can be granted (pursuant to Fed.R.Civ.P. 12(b)(6)).

For the reasons set forth below, I grant Microtel's motion in part and deny it in part.

### MICROTEL'S MOTION

**A. The First and Second Counterclaims— For Fraud.**

Microtel's first argument in support of its motion to dismiss is that the first two counterclaims are not pleaded with sufficient particularity to satisfy Fed.R.Civ.P. 9(b). It is unnecessary for me to determine whether this is true because I agree with Microtel's second argument: I find as a matter of law that those counterclaims fail to state a claim upon which relief can be granted.

■ By its own terms, the Agreement is to be "interpreted and construed under the laws of the State of New York." Agreement at ¶ 23. In New York, the elements of a common law fraud claim are a material, false representation, an intent to defraud, reasonable reliance on the representation, and damage to the plaintiff as a result. *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank,* 57 F.3d 146, 153 (2d Cir.1995).[2]

■ However, a claim for fraud will not be recognized where it is based "solely upon the failure to perform the promises of future acts which constitute the contractual obligations themselves." *Chase v. Columbia Nat'l Corp.,* 832 F.Supp. 654, 660 (S.D.N.Y.1993) (citations omitted); *see also Zinaman v. USTS New York, Inc.,* 798 F.Supp. 128, 134 (S.D.N.Y.1992) ("A failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract") (citations omitted). If the rule were otherwise, then every contract breach would constitute a tort. *Chase, supra,* at 660 (citation omitted).

■ In a case involving a breach of contract, a fraud claim may arise only where the alleged misrepresentations concern a matter separate from the contract obligations themselves. In other words, a fraud claim may exist only where the alleged misrepresentations concern a "present" fact (*i.e.,* the financial stability of the company) as opposed to a statement of future intent (*i.e.,* that something will be provided as part of the proposed contract). *Chase, supra,* at 661.

■ In this case, none of the alleged misrepresentations set forth in the first and second counterclaims constitutes a "present" fact. For instance, Country Inn alleges that Microtel failed to do the following things in accordance with the Agreement: set up an "800" number for reservation referrals maintained by Microtel (Answer at ¶¶ 22; 29); provide advertising, marketing or promotional support (Answer at ¶ 30); provide support regarding guest complaints (Answer at ¶ 31); provide continuing consultation and advisory assistance (Answer at ¶ 34); provide continuing training programs, conferences or seminars (Answer at ¶ 36); distribute a national directory (Answer at ¶ 37); establish a national advertising fund (Answer at ¶ 38); and establish more than fifty Microtel franchises during the one-year period following March 1992 (Answer at ¶ 39).

These are all alleged failures to perform promises of *future* acts. As such, they cannot be the bases for fraud (or fraudulent inducement) claims.[3] Both the first and second counterclaims are, therefore, dismissed.

---

**2.** The elements of a claim for fraudulent misrepresentation are same. *See Keywell Corp. v. Weinstein,* 33 F.3d 159, 163 (2d Cir.1994). Country Inn's counterclaims could be either common law fraud or fraudulent inducement claims.

**3.** The Agreement's recital clause states: "WHEREAS the distinguishing characteristics of the [Microtel] System, all of which may be changed, improved, or further developed by Franchisor from time to time, include ... Man-

**B.** *The Third Counterclaim—For Breach of Contract.*

In its third counterclaim, Country Inn alleges that those same failings set forth in the second counterclaim (for fraud), constitute a breach of the Agreement. Specifically, Country Inn alleges that Microtel failed to do the following:

1. "Provide a corporate '800' number to arrange for reservations."

2. "Provide advertising, marketing and promotional support."

3. "Provide support to the defendants regarding guests complaints."

4. "Provide continuing consultation and advisory assistance."

5. "Provide continuing training programs, conferences and seminars."

6. "Distribute a national directory of all Microtel hotels."

7. "Establish, maintain and administer a national advertising fund."

8. Insure that "more than 50 Microtel franchises would be in operation during the one year period following March 31, 1992."

9. Insure that "Country Inn's hotel would achieve an occupancy rate of 65 to 70% due to its association with [Microtel]." Answer at ¶¶ 46–54.

Country Inn alleges that Microtel's failure to "meet any of the foregoing agreements constitutes a material breach of the Franchise Agreement." Answer at ¶ 56.

■ Microtel moves pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss Country Inn's counterclaims for failure to state a cause of action. "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the [counterclaim] itself is legally sufficient." *Goldman v. Bel-*

*den,* 754 F.2d 1059, 1067 (2d Cir.1985). In considering Microtel's motion to dismiss, I must therefore accept Country Inn's allegations as true with respect to the counterclaims and resolve competing inferences in its favor. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Finnegan v. Campeau Corp.,* 915 F.2d 824, 826 (2d Cir.1990), *cert. denied,* 499 U.S. 976, 111 S.Ct. 1624, 113 L.Ed.2d 721 (1991); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1098 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989). In this case, because the Agreement was attached to Microtel's complaint, I may consider it in my resolution of this motion to dismiss. *See* Fed.R.Civ.P. 10(c) and *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

Dismissal is proper only when "it appears beyond doubt that the [non-movant] can prove no set of facts in support of his claim which would entitle him to relief." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A careful review of the Agreement indicates that in the case of all but one of Country Inn's allegations, the Agreement is unambiguous and does not require Microtel to do the actions alleged by Country Inn.

■ The Agreement expressly describes as discretionary Microtel's obligation to do the following: provide continuing consultation and advice ("Franchisor shall provide continuing consultation and advisory assistance to Franchisee, in the manner and at such times as ·Franchisor deems advisable …") (Agreement at ¶ 3.1); provide continuing training programs, conferences, seminars ("Franchisor shall make available to Franchisee … such continuing training programs,

agement and personnel training, and training programs and materials … Management and operational procedures and techniques … and Advertising, marketing, and promotional programs." Agreement at p. 1. Although Country Inn asserts that these statements provide the basis for certain claims of fraudulent representation, this argument is unavailing because Country Inn does· not assert that in March 1992 Mi-

crotel misrepresented the prior (or then-present) existence of these attributes. Rather, Country Inn alleges that **subsequent** to entering into the Agreement, Microtel failed to provide these (and other) things as promised. Because Country Inn's claims are for failure to perform future promises, they cannot form the basis for any action sounding in fraud.

conferences, and seminars as Franchisor deems appropriate") (Agreement at ¶ 3.3); and to set up a national advertising fund ("Franchisor reserves the right to establish, maintain, and administer an Advertising Fund ...") (Agreement at ¶ 10.2).

Moreover, Microtel has no obligation whatsoever under the Agreement to provide advertising, marketing and promotion, (other than establishing an advertising fund, if it so chooses). Indeed, the Agreement contemplates that Country Inn will do the advertising ("advertising by Franchisee ... shall be conducted in a dignified manner and shall conform to such standards and requirements as Franchisor may specify from time to time") (Agreement at ¶ 10.1).[4]

■ Finally, Country Inn does not identify any reference in the Agreement (and the Court finds none) establishing an obligation by Microtel to provide customer complaint support, to insure that the number of franchises exceeds 50, or to insure that the occupancy rate will reach 65 to 70 percent.

Accordingly, Microtel's failure to do any of these things cannot be the basis for a cause of action for breach of contract because Microtel's obligation to do them was either discretionary or nonexistent. As to these allegations, the Agreement is unambiguous: there are no facts under which Country Inn can sustain those claims. They must be dismissed. *See Furniture Consultants, Inc. v. Datatel Minicomputer Co.*, 1986 WL 7792, *2 (S.D.N.Y.1986) ("claims may be resolved in a motion to dismiss, if the claims under which the plaintiff seeks relief are barred ... by the unambiguous terms of a contract attached to the pleadings, because the interpretation of an unambiguous contract is a matter of law for the court"); *see also Kanter v. Feature Enterprises, Inc.*, 1993 WL 267373, *2 (S.D.N.Y.1993) (whether an ambiguity exists in a contract is a threshold question of law to be resolved by the court) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 149 (2d. Cir.1993).

■ Similarly, as for Country Inn's allegation concerning a national directory, the Agreement requires Microtel to "maintain" a national directory listing the address and telephone number of all Microtel hotels. *See* Agreement at § 3.5. "Maintain" is not the same thing as "distribute"—which is what Country Inn alleges Microtel was obligated to do. While Country Inn may reasonably believe that maintaining a directory is meaningless if it is not distributed, the Agreement terms simply do not require distribution.

Based upon a plain reading of the Agreement, I cannot find that Microtel's failure to distribute a national directory violated its obligations thereunder. *See Kanter, supra,* at *2 ("Ambiguity cannot be found where the contract has a definite meaning, nor by '[s]training a contract's language beyond its reasonable and ordinary meaning.'") (citing *Brass, supra,* at 149).

■ This leaves only one allegation in Country Inn's third counterclaim: that Microtel failed to provide a corporate 800 number. This is the only allegation that implicates an ambiguous contract provision.

The Agreement requires the following:

Franchisor shall maintain, and make available to Franchisee, a national "800" number reservation referral system.

Agreement § 3.6.

It is apparent that the parties disagree as to what this provision means. Microtel asserts that it provided precisely what the Agreement required; and it is clear that Microtel provided some type of "1–800" service to Country Inn. Indeed, Country Inn admits that "calls for the '800' number created by the plaintiff are sent directly into [Country Inn's] office, [and] [Country Inn] is presently expending time and money to maintain this '800' number for [Microtel]." Answer at ¶¶ 23, 24. However, Country Inn apparently believes this 800 service is not what it bargained for and not what is intended by the contract terms.

---

4. Again, representations contained in the Agreement's recitals clause do not alter Microtel's obligations. "Although a statement in a 'whereas' clause may be useful in interpreting an ambiguous operative clause in a contract, 'it cannot

create any right beyond those arising from the operative terms of the document.'" *Abraham Zion Corp. v. Lebow*, 761 F.2d 93, 103 (2d Cir. 1985) (citing *Genovese Drug Stores v. Connecticut Packing Co.*, 732 F.2d 286, 291 (2d Cir.1984)).

I find the contract terms ambiguous. It is unclear to me precisely what is intended by the phrase "reservation referral system". It is unclear precisely how such a system is supposed to work, whether Microtel was performing as promised, and why Country Inn was expending time and money to maintain such a system. I cannot ascertain from the Agreement as a whole the answers to these questions. Additional evidence will be necessary to interpret this contract provision.

 Where the parties disagree as to meaning, or the contract terms are ambiguous, it is inappropriate to dismiss the allegation. "[T]he construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim." *Martin Marietta Corp. v. Int'l Tel. Satellite Organization,* 991 F.2d 94, 97 (4th Cir.1992); *see also Lipsky v. Com. United Corp.,* 551 F.2d 887, 897 (2d Cir.1976) (reversing district court's decision to grant motion to dismiss where contract term ambiguous); *Farley v. Davis,* 1992 WL 110753 (S.D.N.Y.1992) (court denies motion for summary judgment where contract clause is ambiguous).

Thus, Country Inn's third counterclaim is dismissed in part. Only that allegation concerning the 800 number system is sustained. All other allegations are dismissed.

Finally, in its opposition papers, Country Inn requests that if this Court grants Microtel's motion, Country Inn be granted leave to amend its answer and replead. While ordinarily leave to amend is granted, dismissal with prejudice is appropriate where the pleading defect is not curable and repleading would be futile. *See Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992). In this case I find that the defects in Country Inn's counterclaims are not curable. Because Country Inn's fraud claims are based upon an alleged failure to perform the same future promises as are alleged in Country Inn's breach of contract claim, such claims cannot be sustained as a matter of law. As for Country Inn's breach of contract claims (except that concerning the 800 number system), repleading them too would be futile because they are based upon contract language that this Court has had the chance to review and analyze.

## CONCLUSION

For the reasons set forth above, I hereby GRANT in part, and DENY in part Microtel's motion to dismiss (# 7). Country Inn's request for leave to replead is denied.

IT IS SO ORDERED.