**Joseph D. LUMPKIN, Plaintiff,**

v.

**Brenda BURNS, individually and officially, Defendant.**

**No. CV–N–88–299–ECR.**

United States District Court, D. Nevada.

Dec. 1, 1988.

Joseph D. Lumpkin, Carson City, Nev., in pro per.

Brian McKay, Atty. Gen. by Waldo De Castroverde, Deputy Atty. Gen., Carson City, Nev., for defendant.

### MINUTE ORDER IN CHAMBERS

EDWARD C. REED, Jr., Chief Judge.

On August 11, 1988, plaintiff Joseph D. Lumpkin filed an amended civil rights complaint under 42 U.S.C. § 1983. He alleges a violation of his Eighth and Fourteenth Amendment rights due to conditions at his

place of incarceration, the Northern Nevada Correctional Center. Specifically, he challenges the prison's use of "see-through" shower curtains, the absence of "sanitary dividers" between toilets, and the proximity of the toilets to the sinks. The gravamen of his complaint appears to be an objection to allowing "strangers, females, and high level officials" to view him in the nude and while performing bodily functions.

Further, in his Opposition to Motion to Dismiss, plaintiff asserts by affidavit that his right to practice "Christian modesty" is impinged upon by these prison practices, in violation of the First Amendment. However, the First Amendment claim was not made a part of his first amended complaint.

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). For the reasons stated below, we are giving plaintiff an opportunity to amend his complaint, and are denying the motion to dismiss.

When faced with a motion to dismiss, we follow the accepted rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, in assessing the sufficiency of the complaint for purposes of the Rule 12(b)(6) motion, we must assume the truth of the factual allegations contained in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ It is well settled in this Circuit that inmates do possess a right to shield their naked bodies from strangers and members of the opposite sex. *Grummett v. Rushen,* 779 F.2d 491, 494 (9th Cir.1985); *Michenfelder v. Sumner,* 860 F.2d 328 (9th Cir. 1988). However, limitations on this and other constitutional rights arise "both from the fact of incarceration and from valid penological objectives—including deterrance of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Es-*

*tate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). The issue then becomes whether the prison's impingement on plaintiff's right of privacy by using see-through shower curtains and toilets without dividers is reasonably related to legitimate penological objectives. *See Michenfelder,* 860 F.2d at 331.

Taking plaintiff's allegations as true, plaintiff has sufficiently stated a cause of action with respect to his rights under the Fourteenth Amendment. We cannot say that plaintiff can prove no facts in support of his claim which would entitle him to relief. The burden now rests on the defendant to establish any legitimate penological interests that would warrant the intrusion into plaintiff's privacy.

■ With respect to plaintiff's Eighth Amendment claim, plaintiff has failed to establish that unreasonable or excessive force is used against him. Indeed, he has failed to allege the use of any force at all. In the Ninth Circuit, in order to state a claim for cruel and unusual punishment, it must be alleged that unreasonable or excessive force is used that is clearly disproportionate to a need reasonably perceived at the time. *Michenfelder v. Sumner,* 624 F.Supp. 457, 463 (D.Nev.1985). Plaintiff will be given the opportunity to further amend his complaint in order to meet this standard.

■ Finally, plaintiff must amend his complaint to include any claim under the First Amendment he desires this Court to consider. Plaintiff must also be aware that to prevail on a claim for free exercise, he must show that the belief he asserts is indeed religious, that it is sincerely held, that it is being infringed upon by prison policies, and that the prison policies further no legitimate penological purpose. *See Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Kent v. Johnson,* 821 F.2d 1220, 1124–25 (6th Cir.1987).

IT IS, THEREFORE, HEREBY ORDERED that plaintiff shall have 20 days from the date of this order within which to

amend his complaint in a manner consistent with this order.

IT IS FURTHER ORDERED that plaintiff's failure to amend shall result in dismissal of his complaint.