**James D. COEN, Plaintiff,**

v.

**ELCO CHEVROLET, INC., Defendant.**

**No. 90–1551 C(2).**

United States District Court, E.D. Missouri, E.D.

Jan. 11, 1991.

David M. Heimos, Clayton, Mo., for plaintiff.

D. Michael Linihan, John B. Renick, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

### MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on defendant's motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction; to strike plaintiff's jury demand; and to strike plaintiff's exhibits, numbers two and three.

Plaintiff James Coen is suing his employer Elco Chevrolet claiming that termination of his employment violated Title VII of the

Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) and the Missouri Human Rights Act (Mo.Rev.Stat. § 213.010, *et seq.*, (1986)). Coen was discharged on November 17, 1989, after a female employee complained that Coen made sexual advances and sexually harassed her. He complains that his termination was due to Elco's fear of being sued by this female employee.

At the outset, the Court notes that both parties have submitted additional documents either in support of or in opposition to the motion to dismiss for failure to state a claim. The Court, however, does not need to rely on them in its consideration of the motion to dismiss and has excluded them from review. Therefore, the motion will not be converted into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).

In ruling on a motion to dismiss, the Court views the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint will not be dismissed for failure to state a claim unless from the face of the complaint it is apparent that the facts alleged by plaintiff do not entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).

In order to bring a Title VII discrimination action, the burden is on the movant to establish a prima facie case by a preponderance of the evidence. Since Coen alleges a discriminatory discharge, he must show that "he was fired from a job for which he was qualified while others not in the protected class were treated more favorably." *Bellissimo v. Westinghouse Elec. Corp.*, 764 F.2d 175 (3rd Cir.1985).

In the complaint, Coen alleges that a female employee complained to the employer Elco that Coen "hugged and kissed her" against her wishes, that these charges were false, that defendant employer failed to fairly investigate the charges and it wrongly discharged Coen on the basis of the charges. The complaint further alleges that Coen was discharged because he was a male and because the defendant did not want to be sued by the female employee. The basis for his Title VII complaint is stated by Coen in his memorandum when he argues "had plaintiff been a female and another female employee had complained to Defendant about Plaintiff's alleged conduct, Defendant probably would not have been concerned about being sued for sexual harassment by the complaining female employee, wherein, Defendant would not have terminated Plaintiff's employment." This alone is conjectural and conclusory and does not form the basis for which relief can be granted. It appears from the pleading that plaintiff was fired because of his conduct toward another employee, namely that Coen was the alleged perpetrator of sexual harassment. Coen is not claiming that he himself was a victim of sexual harassment. Instead, he claims that the defendant failed to investigate the harassment charges and terminated him because Elco was afraid of being sued. This is not a discharge because of Coen's "maleness" or sex. While the plaintiff may have other grounds for contesting his discharge, under the circumstances, the Court does not feel that Coen has carried his burden of presenting a prima facie case under Title VII for employment discrimination based on sex. The Court will grant the motion to dismiss with respect to the Title VII claim.

Count II is a pendant jurisdiction claim based on the same set of facts and brought pursuant to the Missouri Human Rights Act. Under the circumstances, the Court declines to exercise pendant jurisdiction of this count.

The defendant's additional motions will be denied as moot.

An appropriate order will accompany this memorandum and order.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

IT IS FURTHER ORDERED that defendant's motions to strike jury demand and to strike exhibits two and three are DENIED as moot.