**Raymond Daniel MARKLEY, Jr., Plaintiff,**

**v.**

**Jerrie WALTERS, Don Osborne, Chris Osborne, Joseph Davis, Jr., Reggie Nevels, Grant County Council, Earl Gottchalk, John Comer, Earl Greene, Elizabeth Wright, Mac E. Love, Quentin Pettiford, and Jerry Shaw, Defendants.**

**No. F 91–280.**

United States District Court, N.D. Indiana, Fort Wayne Division.

May 1, 1992.

Raymond Daniel Markley, Jr., pro se.

Victoria Ransberger, Stephenson & Kurnik, Indianapolis, Ind., for all defendants.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the "Motion to Dismiss",[1] filed on February 27, 1992, by defendants the Grant County Council, and the members of the Grant County Council, Earl Gottchalk, John Comer, Earl Greene, Elizabeth Wright, Mac E. Love, Quentin Pettiford, and Jerry Shaw[2]. Contemporaneously with this motion to dismiss for failure to state a claim upon which relief can be granted, the Grant County

---

**1.** Pursuant to Fed.R.Civ.P. 12(b)(6).

**2.** Several of the defendants names are incorrectly spelled in the Plaintiff's filings, i.e., defendant

Jerry Shaw is misidentified as "Jerry Shull" in the complaint. The defendants' names are properly spelled in the caption, *supra.*

Council and its members filed a memorandum in support thereof. The plaintiff, Raymond Daniel Markley, Jr. ("Markley"), has not filed any memoranda opposing such motion, although on March 11, 1992, he filed a "Petition for Clarification", indicating his intent to bring the action against the defendants in their personal as well as professional capacities. For the following reasons the motion of the Grant County Council and its council members is GRANTED.

## MOTION TO DISMISS

■ In deciding a motion to dismiss for failure to state a claim, this court must take well pleaded factual allegations of the plaintiff's allegations as true. *Ashbrook v. Hoffman*, 617 F.2d 474 (7th Cir.1980). The complaint must be considered in the light most favorable to the plaintiff and every doubt must be resolved in the plaintiff's favor. *Henry C. Beck Co., v. Fort Wayne Structural Steel*, 701 F.2d 1221 (7th Cir. 1983). Dismissal is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Nonetheless, a complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Papapetropoulous v. Milwaukee Transport Services*, 795 F.2d 591, 594 (7th Cir.1986), "the heavy costs of modern federal litigation ... counsel against launching the parties into pretrial discovery if there is no reasonable prospect that the plaintiff can make out a cause of action from the events narrated in the complaint." *Sutliff, Inc., v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984).

## DISCUSSION

■ Markley's action is brought pursuant to 42 U.S.C. § 1983.[3] In his complaint, Markley challenges alleged deficiencies in the conditions of his confinement while incarcerated in the Grant County, Indiana jail.[4] Markley basically complains of four alleged deficiencies in the jail: 1) inadequate medical/healthcare procedures; 2) an insufficient law library; 3) discriminatory and ineffectual substance abuse program; and 4) insufficient security for inmate's personal property. In addition to the Grant County Council and its council members, Markley is suing the Grant County Sheriff, three of the Sheriff's employees, the jail's nurse, the jail's doctor, and the two administrators of the jail's substance abuse program. The instant motion, however, is on behalf of the Grant County Council and its council members.

Markley seeks to hold the Grant County Council and its members liable for alleged injuries sustained as a result of Markley's incarceration at the Grant County jail. According to Indiana's scheme of local government, the Grant County Council and its members have no authority to set policies which may have caused or prevented Markley's alleged injuries sustained while at the Grant County jail. Pursuant to Ind. Code 36-2-13-5(a)(7), the county sheriff bears the responsibility to "take care of the county jail and the prisoners there." Therefore, the Grant County jail is under the domain of the Grant County Sheriff. Pursuant to Indiana's Constitution, the Grant County Sheriff is an independently elected constitutional office. Ind. Const. art. VI, § 2. Consequently, the Grant County Sheriff is answerable to the voting citizens of Grant County, not to the Grant County Council or its council members.

Thus, in Indiana, the actions of an county sheriff cannot be attributed to the county

---

3. The text of § 1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable ..."

4. During the period of which he complains, Markley was confined at the Grant County jail as both a pre-trial detainee and as a convicted felon.

council on a *respondeat superior* theory. Accordingly, Markley cannot maintain a § 1983 action against the Grant County Council or its members for alleged injuries sustained in the county jail, a province not under the control of the Grant County Council or members of the council. See *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989), *cert. denied* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990), (plaintiff unable to make a claim against Cook County, Illinois based upon alleged deficiencies in the Cook County Sheriff's department). Markley can prove no set of facts in support of his claim which would entitle him to relief as against the Grant County Council or against the members of the council.[5]

Furthermore, a municipal governmental body is liable under § 1983 only where the municipal body *itself* causes the constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The basic ruling of *Monell* in this regard is that a § 1983 suit against a governmental body cannot succeed unless that body's policy makers have adopted an official policy or custom responsible for the deprivation of the plaintiff's rights. *Monell*, 436 U.S. at 690–691, 98 S.Ct. at 2036. The petitioner does not allege a policy or custom of the Grant County Council which caused the petitioner injury. Therefore, based upon the teaching of *Monell*, Markley's § 1983 action against the council and its members must fail.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the Grant County Council and the members of the Grant County Council is GRANTED. Accordingly, the Grant County Council, Earl Gottchalk, John Comer, Earl Greene, Elizabeth Wright, Mac E. Love, Quentin Pettiford, and Jerry Shaw

are DISMISSED as defendants in this cause of action.

---

5. Additionally, the members of local legislative governmental bodies, such as a county council, are absolutely immune from liability under § 1983 when performing legislative functions such as making budgetary decisions. *Rateree v. Rockett*, 852 F.2d 946, 950–951 (7th Cir.1988). In Indiana, the county council determines the sheriff's budget. Ind.Code 36–8–10–4(b). Therefore, if Markley's complaint against the members of the Grant County Council is based upon the council's failure to fund the jail, the council members are immune from such a claim.