UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ORIX CREDIT ALLIANCE,
INCORPORATED,

      *Plaintiff-Appellant,*

v.

YOUNG EXPRESS, INCORPORATED;
DAVID C. YOUNG; FRANK YOUNG;
WACHOVIA BANK, N.A.,

      *Defendants-Appellees.*

No. 01-2091

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Dennis W. Dohnal, Magistrate Judge.
(CA-00-282-3)

Argued: May 8, 2002

Decided: August 22, 2002

Before MICHAEL, KING, and GREGORY, Circuit Judges.

___

Affirmed in part, reversed in part, and remanded by unpublished opinion. Judge Gregory wrote the opinion, in which Judge Michael and Judge King joined.

___

## COUNSEL

**ARGUED:** Robert Christopher Rice, CARRELL & RICE, Richmond, Virginia, for Appellant. Earle Duncan Getchell, Jr., MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellees Young; Robert

Dean Perrow, WILLIAMS, MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellee Wachovia. **ON BRIEF:** H. Slayton Dabney, Jr., Dion W. Hayes, Amy M. Burden, MCGUIRE WOODS, L.L.P., Richmond, Virginia, for Appellees Young; Monica McCarroll, WILLIAMS, MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellee Wachovia.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

GREGORY, Circuit Judge:

Orix Credit Alliance, Inc. (Orix), a lessor of computer equipment, brought suit against Young Express, Inc., David Young, and Frank Young alleging various claims arising from Young Express's default on the parties' secured lease agreement. Orix also brought suit against Wachovia Bank, alleging that Wachovia wrongfully retained collateral in which Orix had a superior interest. Orix appeals the district court's dismissal of its claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we affirm in part, reverse in part, and remand to the district court for further proceedings.

I.

Because of the procedural posture of the case, we assume the veracity of the following allegations: Orix, a New York corporation with its principal place of business in New Jersey, is in the business of leasing computer equipment. Until the termination of its corporate existence on January 1, 2000, Young Express, a Virginia corporation with its principal place of business in Virginia, was in the business of providing trucking and transportation services. David and Frank Young (the Young brothers) were officers and directors of Young Express.

Pursuant to a lease agreement dated December 21, 1998, Orix leased an IBM mainframe computer and associated software to Young Express. The term of the lease was 48 months, commencing in June 1999. Payments were $1,835.00 per month for a total of $88,080.00. To secure its obligations to Orix under the lease agreement, Young Express granted Orix a blanket security interest in, and lien on, all of Young Express's then-owned or thereafter acquired "goods, general intangibles, inventory, machinery, contract rights and accounts, and all proceeds therefrom." In May 1999, Orix filed a financing statement and perfected its security interest.

Wachovia also extended credit to Young Express, and Young Express granted Wachovia a security interest in, and lien on, all of its personal property. Wachovia filed its financing statement in July 1999, approximately two months after Orix. Accordingly, Wachovia's debt was junior to Orix's debt.

Young Express made the first two payments due under the lease, and then defaulted when its August 1999 payment was due. Young Express was insolvent at the time and its only assets were its accounts receivable. In December 1999, Young Express informed Orix that it had ceased operations. Young Express further informed Orix that the company owed Wachovia approximately $1.5 million and that its receivables amounted to approximately $1.25 million. Young Express stated that it had collected some proceeds from its accounts receivable and made payments on Wachovia's debt, and also stated that the company had transferred some of the (uncollected) accounts receivable directly to Wachovia. On December 23, 1999, Orix notified Wachovia of its perfected security interest in the accounts receivable, and demanded that Wachovia deliver the accounts receivable and any proceeds from collection of the accounts receivable to Orix. Wachovia denied that any accounts receivable had been transferred from Young Express, and refused to deliver any proceeds the bank had obtained from Young Express. On January 1, 2000, the State Corporation Commission terminated Young Express's corporate existence for failure to pay its annual registration fee and failure to file its annual report. Va. Code § 13.1-752. Upon such termination, Young Express's property and affairs passed automatically to its directors, the Young brothers, as trustees in liquidation. *Id.* Litigation ensued.

Orix's original complaint alleged claims of breach of contract, breach of fiduciary duty, and conversion against the Young brothers and Young Express. Young Express and the Young brothers moved to dismiss, and the district court granted the motion, with leave to amend the complaint. Orix then filed an amended and second amended complaint, adding Wachovia as a defendant and asserting the following claims: breach of contract against Young Express (Count I); breach of fiduciary duty against the Young brothers (Count II); conversion against Young Express, the Young brothers, and Wachovia Bank (Counts III and IV); and claims for equitable relief in the form of injunction and the appointment of a receiver (Counts V and VI). Young Express, the Young brothers, and Wachovia filed motions to dismiss the second amended complaint, with the exception of Count I. The district court granted the motions, dismissed Counts II through VI of the second amended complaint, and entered judgment (by consent) against Young Express on Count I.

## II.

We review a district court's dismissal of a claim under Rule 12(b)(6) *de novo*. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claims and would entitle it to relief. *Id.* We view the complaint in the light most favorable to the nonmoving party, and we accept as true all well pleaded allegations. *Id.*

## III.

The district court ruled that Orix could not pursue a claim for conversion against any of the defendants, holding that Orix must first avail itself of self-help (such as repossession) before initiating judicial proceedings. We disagree.

Under Virginia law, the tort of conversion encompasses "any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it." *Universal C.I.T. Credit Corp. v. Kaplan*, 92

S.E.2d 359, 3656 (Va. 1956). Furthermore, "[a]n action for conversion can be maintained only by one who has a property interest in and is entitled to the immediate possession of the thing alleged to have been wrongfully converted." *United Leasing Corp. v. Thrift Insurance Corp.*, 440 S.E.2d 902 (Va. 1994). Virginia Code § 8.9-503 (2000)[1] governs the time at which the secured party's right of possession attaches:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

Orix asserts a property interest in the collateral, and Orix has made a demand on the Young brothers, Young Express, and Wachovia to relinquish possession of the collateral.[2] No further self-help is required, and the district court's ruling to the contrary was in error. Virginia's commercial code provides that collateral remains subject to a security interest upon sale or transfer, and further provides that the security interest continues in any "identifiable proceeds" generated by the disposition of the collateral. Va. Code § 8.9-306(2). Because the complaint gives clear notice to the Young brothers and Young Express of the basis of the claims, the motion to dismiss should have been denied as to them.[3]

---

[1]The parties have cited to the old version of Virginia's commercial code, which applies to this case; the provisions have since been amended and recodified at § 8.9A-601 et seq. Except where noted, we cite to the old version of the code.

[2]Virginia Code § 8.9A-609 (2001) is the amended version of § 8.9-503. Section 8.9A-609 provides that, after a default event, a secured party may take possession of the collateral "pursuant to judicial process[,] or . . . without judicial process, if it proceeds without breach of the peace." Official Comment 5 to § 609 provides: "Normally, a junior [secured party] who refuses to relinquish possession of collateral upon the demand of a secured party having a superior possessory right to the collateral would be liable in conversion."

[3]The district court declined to rule on the Young brothers' alternative argument that no individual liability could attach to the Young brothers

Wachovia argues that the judgment of the district court should be upheld as to it because it only received proceeds from the collection of the accounts receivable, not the accounts themselves, and those payments were made to Wachovia "in the ordinary course" of Young Express's business. Wachovia relies on Comment 2(c) to Va. Code § 8.9-306, which provides:

> Where cash proceeds are covered into the debtor's checking account and paid out in the operation of the debtor's business, recipients of the funds of course take free of any claim which the secured party may have in them as proceeds. What has been said relates to payments and transfers in ordinary course [of the debtor's business]. The law of fraudulent conveyances would no doubt in appropriate cases support recovery of proceeds by a secured party from a transferee out of ordinary course or otherwise in collusion with the debtor to defraud the secured party.

We think Wachovia's arguments are premature. First, it is not at all clear whether Wachovia only received proceeds from the disposition of the collateral. Orix's complaint alleges that some of the uncollected accounts receivable were transferred to Wachovia. Second, even with

---

because there was no allegation that the collateral was converted to their own use. We express no opinion on this issue, leaving it to the district court to address on remand. Moreover, except insofar as the following discussion of the Young brothers' fiduciary duties requires, we express no opinion on the extent to which the corporate veil shields the Young brothers from liability, in their capacities as directors or shareholders.

The district court also held, *sua sponte*, that there can be no conversion of an undocumented intangible asset. While that is an accurate statement of Virginia law, *United Leasing v. Thrift Insurance*, 440 S.E.2d 902, 906 (Va. 1994), it is inapposite to this case. Cash proceeds, in which Orix has a continuously perfected security interest, are not intangible assets. *Simmons v. Miller*, 544 S.E.2d 666, 679 (Va. 2000). And it is likely that the uncollected accounts receivable are evidenced by a writing. *See United Leasing*, 440 S.E.2d at 906 (recognizing claim for conversion of documented intangible property rights, "such as a valid stock certificate, promissory note, or bond").

respect to proceeds that were transferred, we cannot say, at this stage of the litigation, that Orix's claim is meritless. Whether a payment was made in the ordinary course of one's business is factual inquiry. *See Orix Credit Alliance, Inc. v. Sovran Bank, N.A.*, 4 F.3d 1262, 1266-68 (4th Cir. 1993) (focusing on knowledge of transferee and pre-existing procedures for payment); *Orix v. Sovran Bank*, 4 F.3d at 1272 n. 3 (Ervin, C.J., dissenting); *Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony*, 897 F.2d 611, 618-23 (1st Cir. 1990)(reversing summary judgment and requiring greater factual inquiry into whether payments were made in the ordinary course of business); *J.I. Case Credit Corp. v. First Nat'l Bank*, 991 F.2d 1272, 1279 (7th Cir. 1993) ("[U]nder Comment 2(c), a payment is within the ordinary course if it was made in the operation of the debtor's business and if the payee did not know and was not reckless about whether the payment violated a third party's security interest."). It may be that Orix's claims have no merit; that will depend on how the payment occurred—information Orix does not have, and is not required to have in order to plead a valid claim. But whether or not Orix ultimately succeeds on its claims, the complaint contains "a short and plain statement of the claim[s] showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that such statement has given Wachovia "fair notice of what [Orix's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

IV.

Orix next argues that the district court erred in dismissing Orix's breach of fiduciary duty claim. According to Orix's complaint, the transfer of secured assets and proceeds to Wachovia Bank was accomplished by Dave Young and Frank Young. Orix claims that by transferring the assets and proceeds, the Young brothers breached their duties as trustees in liquidation, and are personally liable. We agree that Orix has stated a claim, with one important limitation.

Under Va. Code § 13.1-752, upon termination of a corporation's existence, its "properties and affairs shall pass automatically to its directors as trustees in liquidation." In *Flip-Mortgage v. McElhone*, 841 F.2d 531, 535 (4th Cir. 1988), we interpreted Virginia law and stated that "[i]t is when they breach their fiduciary duties as trustees that the directors incur personal liability to the beneficiaries of the

trust created by § [13.1-752]." *See McLean Bank v. Nelson*, 350 S.E.2d 651 (Va. 1986) (holding that "where a party alleges that the business affairs of a dissolved corporation have been carried on by the acts of certain officers, directors, or agents of the dissolved corporation, then those officers, directors, or agents can be held personally liable for contracts entered on behalf of the dissolved corporation"); *Moore v. Occupational Safety and Health Review Comm'n*, 591 F.2d 991 (4th Cir. 1979) (same); *Flip-Mortgage*, 841 F.2d at 535 (imposing personal liability on directors for breach of fiduciary duty as trustees in liquidation for debts incurred before period of corporate dissolution). Because Orix alleges that Dave and Frank Young breached their fiduciary duties in transferring the accounts receivable and proceeds from the collection of accounts receivable to Wachovia Bank, a junior creditor, Orix has stated a cognizable claim.

In ruling that Orix's allegations were insufficient to state a claim, the district court stated that the directors are entitled to prefer one creditor over another, citing *Bank of Commerce v. Rosemary & Thyme, Inc.*, 239 S.E.2d 909 (Va. 1978). In that case, the Supreme Court of Virginia held that a decision to prefer one creditor over another is not enough to set aside an assignment. *Bank of Commerce* is inapposite authority. *Bank of Commerce* did not purport to deal with a preference for a junior creditor, but rather a preference among unsecured creditors. To say, as the Young brothers do, that the fiduciary directors have no obligation to resolve debts pursuant to the priority scheme of Virginia's commercial code is illogical. The priority scheme is a fundamental aspect of debt resolution—it defines the directors' duty.

As mentioned above, however, there is an important limitation to the claim Orix has stated, a limitation that appears to have eluded the parties. Under § 13.1-752, the directors' duties as trustees in liquidation attach only upon termination of the corporate existence. *See McClean Bank*, 350 S.E.2d at 656 ("In our opinion, the language of [Code § 13.1-752] is an acknowledgment that personal liability attaches by operation of general principles of law, to individuals who act on behalf of a dissolved corporation."). A breach of those duties, obviously, cannot occur save circumstances occurring after the corporate existence has been terminated. *See id.* Consequently, Orix's claim for breach of fiduciary duty is cognizable only to the extent there is

a valid claim that the Young brothers engaged in conduct after January 1, 2000—the date on which the State Corporation Commission terminated Young Express' corporate existence—that would constitute a breach of their fiduciary duties. Any such conduct, of course, may relate to debt incurred before January 1, 2000, *see Flip-Mortgage*, 841 F.2d at 535, but the breaching conduct must have occurred after January 1. We point this out because the complaint is not at all clear in this regard. In fact, the fairest reading of the complaint in its totality suggests no breaching conduct occurred after January 1, 2000. Were it not for Orix's allegation that "[i]n violation of their fiduciary duties to Orix, the Youngs delivered to Wachovia the cash proceeds of the Collateral in which Orix had a perfected first priority lien[,]" Second Am. Compl. ¶ 45, and our obligation to read the complaint in the light most favorable to the plaintiff, *see Mylan Laboratories*, 7 F.3d at 1134, we might affirm the district court's dismissal. If it becomes clear on remand that Orix asserts no breaching conduct after January 1, 2000, the district court may consider whether the claim should be dismissed. For now, however, we hold that Orix has stated a claim.[4]

V.

For the above stated reasons, the judgment of the district court is affirmed in part, reversed in part, and remanded to the district court for further proceedings consistent with this opinion.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*

---

[4]Orix also appeals the district court's refusal to appoint a receiver for Young Express and to issue an injunction with respect to the transfer of any additional collateral to Wachovia. The parties agree that a party is entitled to equitable relief only where there is no adequate remedy at law. *Johnson v. Collins*, 199 F.3d 710, 726 (4th Cir. 1999). The district court ruled that the existence of a potential money damages remedy—the breach of contract claim contained in Count I—was an adequate remedy at law. We see no reason to disturb the district court's judgment on this matter at this time. The district court should continue to evaluate the need for equitable relief as the litigation continues.