**Benjamin BERGER, individually and on behalf of all other similarly situated and the general public, Plaintiff,**

v.

**The HOME DEPOT U.S.A., INC., a Delaware Corporation, dba The Home Depot and Does 1 through 50, inclusive, Defendant(s).**

No. CV06 757 AC(RNBX).

United States District Court, C.D. California.

Feb. 26, 2007.

Gerald James Strenio, Graig R. Woodburn, Taras Kick, Kick Law Firm, Los Angeles, CA, Paul M. Weiss, Freed and Weiss, Chicago, IL, for Plaintiff.

Allan E. Ceran, Rodi Pollock Pettker Galbraith & Cahill, Los Angeles, CA, Catharine B. Wooten, Dwight J. Davis, Frederica Joy White, S. Stewart Haskins, King and Spalding, Atlanta, GA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS FIFTH CAUSE OF ACTION OF THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

GUILFORD, District Judge.

In his Second Amended Complaint ("SAC"), Benjamin Berger ("Plaintiff") sues for breach of contract in his Fifth Cause of Action, which here will be called a Claim for Relief. Defendant Home Depot U.S.A., Inc. ("Defendant") has performed all express terms of the contract. The Fifth Claim for Relief boldly takes contract law where it has not gone before. This Court will not go there, and grants Defendant's Motion to Dismiss.

### BACKGROUND

Plaintiff alleges that Defendant is a home improvement retailer (SAC ¶ 4) whose business includes tool and equipment rentals (SAC ¶ 5). Plaintiff alleges that Defendant operates 814 Tool Rental Centers in stores across the United States, including 79 in California. (SAC ¶ 13.)

Plaintiff alleges that Plaintiff rented a compound miter saw and other tools from Defendant. (SAC ¶ 14.) Plaintiff alleges that Defendant gave him a "standard rental agreement," which included a "Damage Waiver" charge. (SAC ¶ 15.) Plaintiff alleges that Defendant automatically included a ten-percent "Damage Waiver" charge for the tool rentals without disclosing that the fee is an optional charge customers are not required to incur. (SAC ¶¶ 16, 25.)

Plaintiff alleges that Plaintiff paid the "Damage Waiver" charge. (SAC ¶ 16.)

After Plaintiff filed his initial complaint, Defendant filed a motion to dismiss all five claims for relief in Plaintiff's complaint. The Court dismissed with leave to amend Plaintiff's breach of contract claim, but denied the motion as to the other four claims for relief. On November 8, 2006, Plaintiff filed its First Amended Complaint and on January 16, 2007, Plaintiff filed its Second Amended Complaint. The instant Motion to Dismiss ("Motion") attacks only Plaintiff's amended breach of contract claim in its Second Amended Complaint.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support such a theory). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir.2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000); *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991).

### DISCUSSION

■ Defendant attacks Plaintiff's new allegations relating to the incorporation of consumer protection laws into a breach of contract claim and also attacks Plaintiff's unchanged allegations relating to a breach of the implied covenant of good faith and fair dealing. Defendant argues that "Plaintiff has failed to identify any term of the Rental Agreement that Home Depot breached." (Motion 4:17–18.) In response, Plaintiff argues that all applicable consumer protection statutes and the covenant of good faith and fair dealing are implied terms of the contract at issue. Plaintiff first asserts that he has properly stated a claim for violation of California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"), and these statutory violations are a valid basis for a breach of contract claim. (Plaintiff's Opposition to Home Depot's Motion to Dismiss the Fifth Claim (For Breach of Contract) of the First Amended Complaint ("Opposition") 6:13–14.) Plaintiff next asserts that Defendant has violated other implied terms of the contract, which may be imported from the implied covenant of good faith and fair dealing. (Opposition 10:13–14.) Defendant argues that an alleged violation of any purportedly applicable law does not constitute a breach of contract and that Plaintiff has not alleged a violation of the implied covenant. The Court agrees with Defendant.

### 1. STATUTORY VIOLATIONS

Plaintiff cites the recent decision by the California Court of Appeal in *McKell v. Washington Mutual*, 142 Cal.App.4th 1457, 49 Cal.Rptr.3d 227 (2006), for the novel proposition that allegations establishing a statutory violation alone may provide the basis for a breach of contract

claim. The Court finds that this case is distinguishable from the situation at bar, and it is not evident that the statutes allegedly violated in this case—the CLRA and UCL—were intended to provide a basis for a breach of contract action. Were it otherwise, violations of CLRA or UCL would create two claims for relief, something that is not provided by the statute. Plaintiff's novel theory would create a new breach of contract claim in all circumstances where a statute was allegedly violated. Plaintiff's claim would thus significantly change the core principles of contract law. This expansion of liability is not and should not be part of our jurisprudence. While the UCL or CLRA does not necessarily provide plaintiffs with an exclusive remedy, plaintiffs must be required to do something more to allege a breach of contract claim than merely point to allegations of a statutory violation.

## 2. IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

■ Defendant argues that Plaintiff's allegations relating to the implied covenant of good faith and fair dealing do not state a claim because Plaintiff has not hinged any violation of the covenant to express terms of the contract. (Motion 7:14–21.) Plaintiff disagrees, citing *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710 (1992), to argue that Plaintiff does not need to hinge a breach of the implied covenant of good faith and fair dealing on an express contractual provision. The Court agrees with Defendant.

Plaintiff correctly notes that the California Supreme Court in *Carma* stated that a "breach of a specific provision of the contract is not a necessary prerequisite" to establishing a breach of the implied covenant of good faith and fair dealing. *Id.* at 373, 6 Cal.Rptr.2d 467, 826 P.2d 710. But the California Supreme Court also stated,

"It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* Quoting from *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988), the *Carma* Court stated, "under traditional contract principles, the implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.' (*Foley, supra,* 47 Cal.3d at p. 690, 254 Cal.Rptr. 211, 765 P.2d 373.)" *Carma,* 2 Cal.4th at 373, 6 Cal.Rptr.2d 467, 826 P.2d 710.

■ Here, the express terms do not give rise to any of the implied obligations asserted by plaintiff. "[T]he implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms." *In re Sizzler Restaurants Int'l,* 225 B.R. 466, 476 (Bankr.C.D.Cal.1998) (*citing McMillin Scripps North Partnership v. Royal Ins. Co.,* 19 Cal.App.4th 1215, 1222, 19 Cal. App.4th 12, 23 Cal.Rptr.2d 243 (1993)). Defendants have complied with the obligations expressly declared within the contract, and have breached no implied covenant.

## DISPOSITION

Defendant's motion to dismiss Plaintiff's fifth claim for relief for breach of contract is GRANTED with leave to amend. If Plaintiff desires to do so, he shall file a third amended complaint within 21 days of this order.

IT IS SO ORDERED.