ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Parsons Government Services, Inc. ) | ASBCA No. 60663 |
| ) | |
| Under Contract No. M67854-09-D-8000 ) | |

APPEARANCES FOR THE APPELLANT:      Michael R. Rizzo, Esq.
Mary E. Buxton, Esq.
  Pillsbury Winthrop Shaw Pittman LLP
Los Angeles, CA

APPEARANCES FOR THE GOVERNMENT:    Ronald J. Borro, Esq.
  Navy Chief Trial Attorney
Anthony K. Hicks, Esq.
David B. Stinson, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN
ON THE GOVERNMENT'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

Parsons Government Services, Inc. (Parsons) appeals from a deemed denial of a $20,899,704 claim asserting that the government incorrectly expended operation and maintenance (O&M) funds instead of military construction (MILCON) funds and thus the contract should be considered void *ab initio*, allowing Parsons to recover in quantum meruit. The government moves to dismiss for failure to state a claim upon which relief can be granted. We grant the motion and dismiss the appeal.[1]

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 18 March 2009, the government awarded Contract No. M67854-09-D-8000 (contract) to Parsons Infrastructure & Technology Group[2] for Military Operations in Urban Terrain (MOUT) training systems for the United States Marine Corps (R4, tab 1).

---

[1] ASBCA No. 60663 is consolidated with ASBCA No. 60662. The motion pertains to ASBCA No. 60663 only.

[2] By contract Modification No. P00006 dated 10 June 2009, the contractor name was changed from "Parsons Infrastructure & Technology Group" to "Parsons Government Services, Inc." (R4, tab 7).

The contract was a requirements contract and included a five-year ordering period (*id.* at 1043, 1126-27).

2. By letter dated 16 October 2015, Parsons submitted a certified claim of $20,899,704 to the contracting officer alleging that the government should have awarded the contract as a construction contract appropriating MILCON funds instead of a supply and services contract using O&M funds (app. supp. R4, tab 2 at 39, 41). Parsons alleges that because of this, "the contract should be rescinded as a matter of law and Parsons is entitled to *quantum meruit* on its fixed-price work – *i.e.*, the actual cost of the work Parsons performed on firm-fixed price tasks plus a reasonable profit on that actual cost" (*id.*).

3. By letter dated 19 October 2015, Parsons submitted a second certified claim for $16,478,454 to the contracting officer alleging that the government materially breached the requirements provisions of the contract by awarding work to other companies, constructively changing the contract by awarding out of scope work, refusing to pay for concrete, and delaying and interfering with Parsons' performance (app. supp. R4, tab 3).

4. On 6 July 2016, Parsons filed its appeals from deemed denials of its claims dated 16 and 19 October 2015. The appeal from the deemed denial of the claim dated 19 October 2015 was docketed as ASBCA No. 60662. The appeal of the deemed denial of the claim dated 16 October 2015 was docketed as ASBCA No. 60663. ASBCA Nos. 60662 and 60663 were subsequently consolidated. The government's motion to dismiss for failure to state a claim upon which relief can be granted only encompasses ASBCA No. 60663.

## DISCUSSION

The government moves to dismiss this appeal for failure to state a claim upon which relief can be granted. The government argues that Parsons failed to put forth facts and allegations which would entitle it to a legal remedy, that the federal statute which was allegedly violated provides no private cause of action, and that judicial invalidation of a fully performed contract is generally disfavored. Parsons disputes the government's arguments and states that both of its causes of action, that the contract was illegal and is void *ab initio* and that the government breached the duty of good faith and fair dealing, state a claim upon which relief can be granted. Parsons requests an opportunity to amend its complaint should we agree with the government that Parsons fails in its claim to state a ground upon which relief can be granted.

Parsons' claim states that the predecessor to the contract at issue in this appeal was funded with MILCON funds (app. supp. R4, tab 2 at 44). Parsons alleges that since its contract was not funded with MILCON funds it "eliminated Congress' ability

2

to authorize and appropriate the work and perform its oversight and resulted in a contract that did not include the proper terms, such as those requiring Davis Bacon Act wage determinations[3] and FAR clauses applicable to apprentices and disputes in labor standards" (*id.* at 45). Parsons then states that since the contract required construction work and was not funded with MILCON funds, that the contract was tainted by the illegality and is thus void *ab initio* and Parsons should be able to recover in quantum meruit (*id.* at 50). In Parsons' complaint, it alleges that the government breached the contract by using O&M funds instead of MILCON and as a result "it was not fully compensated for construction work it performed" (compl. ¶ 50). Parsons fails to explain in its complaint how the use of O&M versus MILCON funds led to its not being "fully compensated" for its work.

Parsons' response to the government's motion to dismiss further elaborates on Parsons' claim. Parsons argues in its response that by using O&M funds instead of MILCON, the government "induced Parsons to perform a different type of contract than that solicited and prevented Parsons from realizing its reasonable expectations" (app. resp. at 4). Parsons also states that it suffered "direct and actual harm" by performing the work under a contract funded by O&M funds since the "Marine Corps materially changed Parsons' design requirements, accelerated its responsibilities, and delayed and interfered with work execution during delivery order performance" (*id.* at 5-6). Of note, Parsons states that this direct and actual harm is the subject of its claim arising under the same contract, currently appealed and docketed as ASBCA No. 60662 (*id.* at 6). Parsons also asserts, for the first time in its response, that the government breached the contract and violated the implied duty of good faith and fair dealing by depriving Parsons of its reasonable expectations that the contract would have the necessary Congressional oversight and more stringent terms consistent with a MILCON-funded contract (*id.* at 7-8).

Dismissal for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The Board will grant a motion to dismiss for failure to state a claim when the complaint fails to allege facts plausibly suggesting (not merely consistent with) a showing of entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).[4] In deciding a motion to dismiss for failure to state a claim, "the court must accept well-pleaded

---

[3] By contract Modification No. P00005 dated 10 June 2009, the government modified the contract to add Davis-Bacon Act wage determinations (R4, tab 6).

[4] While the Federal Rules of Civil Procedure do not apply to proceedings before the Board, we may look to them for guidance, particularly in areas not addressed by our own rules. *Dennis Anderson Constr. Corp.*, ASBCA Nos. 48780, 49261, 96-1 BCA ¶ 28,076 at 140,188.

factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Services, Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013). In this review, "[w]e decide only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail." *Matcon Diamond, Inc.*, ASBCA No. 59637, 15-1 BCA ¶ 36,144 at 176,407. The scope of our review is limited to considering the sufficiency of allegations set forth in the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). For purposes of assessing whether an appeal before us states a claim upon which relief can be granted, the primary document setting forth the claim is not the complaint, *per se*, but the contractor's claim submitted to the contracting officer. *Lockheed Martin Integrated Systems, Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281.

The government primarily relies on *United Pacific Insurance Company v. United States*, 464 F.3d 1325 (Fed. Cir. 2006), in support of its motion to dismiss. In *United Pacific*, the plaintiff-appellants were Miller Act sureties on a government construction project who argued that the contract entered into with the government was illegal and thus void due to fiscal law violations and sought recovery in quantum meruit. *Id.* at 1326. The Federal Circuit held that neither statute in issue (10 U.S.C. §§ 2805, 2811) provided for invalidation of contracts which violated its provisions. *United Pacific*, 464 F.3d at 1330. The Federal Circuit also held that its en banc opinion in *American Telephone and Telegraph Co. v. United States*, 177 F.3d 1368 (Fed. Cir. 1999) (en banc) ("AT&T III") was dispositive of United Pacific's appeal. *United Pacific*, 464 F.3d at 1331.

In *AT&T III*, the government failed to comply with a statute's requirements before entering into a fixed-price contract for the development of a major system or subsystem exceeding $10 million. *AT&T III*, 177 F.3d at 1369. The Federal Circuit held that "[i]nvalidation of the contract is not a necessary consequence when a statute or regulation has been contravened, but must be considered in light of the statutory or regulatory purpose, with recognition of the strong policy of supporting the integrity of contracts made by and with the United States." *AT&T III*, 177 F.3d at 1374. The court further stated that "the policy underlying the enactment must be considered in determining the remedy for its violation, when the statute itself does not announce the sanction of contract invalidity." *Id.* Our cases also hold that "[i]llegal acts by a Government contracting agent do not alone taint a contract and invoke the void *ab initio* rule." *United Technologies Corp.*, ASBCA No. 46880 *et al.*, 95-1 BCA ¶ 27,538 at 137,230, *recon. denied*, 95-2 BCA ¶ 27,698 (citing *Godley v. United States*, 5 F.3d 1473, 1476 (Fed. Cir. 1993)).

4

The Federal Circuit has held that "[t]he primary intent of a statute or regulation must be to protect or benefit a class of persons in order for that class to be able to bring suit against the government for violating the statute or regulation." *Cessna Aircraft Co. v. Dalton*, 126 F.3d 1442, 1451 (Fed. Cir. 1997). Furthermore, "if the primary intended beneficiary of a statue or regulation is the government, then a private party cannot complain about the government's failure to comply with that statute or regulation, even if that party derives some incidental benefit from compliance with it." *Id.* at 1451-52. The Federal Circuit in *United Pacific* found that the purposes behind 10 U.S.C. §§ 2805 and 2811 was "agency flexibility through decentralization, as well as the limitation of spending and waste through Congressional oversight," not to enable contractors to assert a private cause of action. *United Pacific*, 464 F.3d at 1331. The court rejected United Pacific's attempts to distinguish the holding in *AT&T III*, and affirmed the dismissal for failure to state a claim.

Parsons in this appeal cites generally to 10 U.S.C. §§ 2801 *et. seq.* as requiring major construction to be funded by MILCON funds and 10 U.S.C. §§ 2801, 2802, and 2805 as requiring notice to Congress and approval for all military construction projects in excess of $3 million (compl. ¶¶ 17, 36). Parsons' claim also makes the same arguments (*see* app. supp. R4, tab 2 at 48-50). Section 2805 was held in *United Pacific* not to contemplate a private cause of action, and Parsons has not drawn our attention to any language in the other two statutes it cites that might dictate a different result.

Both of Parsons' causes of action in this appeal are rooted in the alleged fiscal law violations[5]. We find *United Pacific* to be controlling here. We do not think that Parsons can "prove any set of facts in support of its claim that would entitle it to relief." *Great Lakes Dredge and Dock Company*, ASBCA Nos. 53929, 54266, 04-1 BCA ¶ 32,518 at 160,862 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). For that reason, we deny Parsons' request to be allowed to amend its complaint.

---

[5] Parsons' claim did not set forth the argument that the government breached the contract by violating the implied duty of good faith and fair dealing (SOF ¶ 2). Under the Contract Disputes Act, the Board has jurisdiction over disputes based upon claims that a contractor has first submitted to the contracting officer for decision and lacks jurisdiction over claims raised for the first time on appeal, in a complaint or otherwise. 41 U.S.C. §§ 7103-7105. Because we find Parsons' breach claim is rooted in the alleged fiscal law violation, we need not consider this jurisdictional issue.

## CONCLUSION

The government's motion is granted and the appeal is dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: 3 May 2017

LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60663, Appeal of Parsons Government Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6