### In re ANCHOR GLASS CONTAINER CORPORATION, Debtor.

**Vincent J. Naimoli, individually and on behalf of a class of all other person similarly situated, Plaintiffs,**

**v.**

**Anchor Glass Container Corporation, Administrative Committee of the Anchor Glass Container Corporation Service Retirement Plan, Administrative Committee of the Anchor Glass Container Corporation Retirement Plan for Salaried Employees, John Ghaznavi, M. William Lightner, David T. Gutkowski [Sic], Mark Karrenbauer, Jeffrey C. Gulbranson, Harold Greathouse, and Roger Erb, Defendants.**

**Bankruptcy No. 8:02–bk–07233–ALP. Adversary No. 03–830.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 8, 2005.

John J. Lamoureux, Hywel Leonard, Robert A. Soriano, Carlton Fields, PA, Edmund S. Whitson, Akerman Senterfitt, Tampa, FL, for Debtor.

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND REHEARING

(Doc. No. 146)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the confirmed Chapter 11 case of Anchor

Glass Container Corporation (Debtor) is a Motion for Reconsideration and Rehearing, filed June 10, 2005 by Vincent J. Naimoli (Naimoli), the plaintiff who commenced the above-captioned adversary proceeding. The Motion is directed to a previous order of this Court entered on June 3, 2005 (the June 3rd Order) (Doc. No. 144) dismissing Naimoli's Second Amended Complaint. Naimoli sued the Debtor along with other non-debtor defendants (the Defendants) alleging three different violations of the Employee Retirement Income Security Act (ERISA). The Motion under consideration purportedly is filed pursuant to Rule 60 of the Federal Rules of Civil Procedure, and Rule 8015 of the Federal Rules of Bankruptcy Procedure.

It is Naimoli's contention that this Court's findings in the June 3rd Order that the Debtor Anchor Glass is not involved in this litigation directly or indirectly, and that the litigation involves only Naimoli's right to receive his retirement benefits and does not implicate any rights or liability of the Debtor, were factually incorrect. According to Naimoli, these findings and conclusions, which were the basis for the Order of dismissal, were factually incorrect because this record is clear that the Debtor is a named defendant in this lawsuit and that there is a claim asserted by Naimoli against the Debtor based on an alleged breach of fiduciary duty under ERISA by the Debtor and, therefore, he is entitled to recover damages.

■ Before considering the validity of the Motion filed by Naimoli and his entitlement to relief, it should be pointed out that the Motion on its face was filed pursuant to Fed. R. Civ. Pro. 60, and F.R.B.P. 8015. It is clear that Rule 60 does not apply in adversary proceedings, and the same remedy must be sought pursuant to F.R.B.P.

9024. In addition, F.R.B.P. 8015, which deals with Motions for Rehearing, is only applicable when a motion is directed to an order or a judgment entered by a U.S. District Court or by a Bankruptcy Appellate Panel, and not by the Bankruptcy Court.

■ The procedure for rehearing was never designed to be a substitute for an appeal. A motion for relief from judgment is proper only if it is brought for one of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence not discoverable within 10 days after entry of judgment; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. F.R.B.P. 9024, incorporating F.R.C.P. 60. However, in his Motion for Reconsideration, although the Motion requests relief under Rule 60, Naimoli argues that this Court misapprehended the facts, the proper remedy for which is a motion brought pursuant to Rule 59(e), applicable through F.R.B.P. 9023, and this Court treats the Motion accordingly.

■ Motions for reconsideration under F.R.B.P. 9023 are only proper if there is a showing that: (1) there is newly discovered evidence which was not available at the time the matter was originally considered and which would have produced a materially different result; (2) such newly discovered evidence could not have been obtained by due diligence; or (3) the court committed egregious legal error which should be corrected rather than compel the party to seek relief through the appeal process. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp 2d 1306, 1308 (M.D.Fla.1998). *In re Kellogg*, 197 F.3d 1116, 1119–20 (11th Cir.

1999); *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990).

■ Disregarding the improper reference to the Rules, it is clear that there is no allegation of newly discovered evidence, or any of the specific grounds for reconsideration under F.R.B.P. 9023. Ordinarily, this should conclude the discussion concerning the merits of the Motion for Rehearing under consideration. However, even assuming the findings of this Court in the June 3rd Order were factually incorrect, this alleged error is of no consequence for the following reasons.

The claim asserted against the Debtor is based on the Debtor's alleged breach of fiduciary duty. The Chapter 11 case of the Debtor was confirmed in February 2002. Although there were extensive activities in the case after the entry of the Order of Confirmation, the Debtor's assets were sold and, on July 25, 2005, the Debtor filed a Motion for Entry of a Final Decree based on the substantial consummation of the confirmed Plan. (Doc. No. 1697, entered in the main case).

While it is true that currently there is an objection to the Debtor's Motion for Final Decree, the fact remains that (other than an unrelated litigation pending in Oklahoma) there is nothing more to be accomplished in this Chapter 11 case, but for the disposition of this adversary proceeding, the disposition of the claim filed by Naimoli, and the appeal which is now pending. On February 24, 2005, this Court entered an Order and granted a Motion to Consolidate the Debtor's Objection to the Claim of Naimoli with the above-captioned adversary proceeding (Doc. No. 1685, entered in the main case). Thus, if the adversary proceeding is dismissed, it follows that the controversy concerning the allowability of Naimoli's claim is moot. This leaves for consideration the ultimate question of whether or not this Court has jurisdiction over the claims asserted by Naimoli in his three-count Complaint.

■ It is the contention of the Debtor that Naimoli cannot, as a matter of law, assert a viable claim against the Debtor or the individual defendants because the decision to merge two pension plans is solely the business decision of a sponsor of the plans and cannot form the basis for the breach of a fiduciary duty. Moreover, counsel for the Defendants points out that the merged pension plan was taken over by the Pension Benefit Guaranty Corporation (PBGC) and this is the only entity which could determine whether Naimoli is entitled to receive his pension pursuant to the original Pension Plan or, by virtue of the merger, Naimoli will have to be treated the same as all participants in the other Plan and his benefits will be limited to those which are accorded to non-salaried employees. This question is yet to be answered not by this Court but by the PBGC.

■ Naimoli's claim against the Debtor for breach of fiduciary duty fails because the decision to merge the plans is a business judgment. Plan design decisions do not invoke fiduciary duties, *Burns v. Rice,* 39 F.Supp.2d 1350, 1355 (M.D.Fla.1998), *aff'd* 210 F.3d 393 (11th Cir.2000), and a merger of a Pension Plan is one if these decisions that are not made in a fiduciary capacity. *See, Malia v. Gen. Elec. Co.,* 23 F.3d 828 (3d Cir.1994).

■ Additionally, as noted above, the Pension Plan in question had been terminated and the administration of the two merged Plans was taken over by PBGC. Once PBGC takes over as trustee of the plan it has the sole and exclusive authority to bring suit on behalf of the plan. *Paulsen v. CNF, Inc.,* No. C03–3960, 2003 WL 22971080, at *3–4 (N.D.Cal. Nov. 2003).

In *Paulsen,* the court held that the plan participants did not have standing to bring a suit because Congress vested the power to bring a suit with a trustee and not with the individual beneficiaries. This Court is not unmindful of the decision in *Kinek v. Gulf & W., Inc.* 720 F.Supp. 275, 279 (S.D.N.Y.1989). Although the court in *Kinek* concluded that plan participants of the terminated plan had standing to bring a direct action to enforce their rights under the terms of the plan, the factual scenario is vastly different from what is present here. *Kinek* involved a collective bargaining agreement concerning the pension of the participants, which required the employer by contract to provide "full actuarial funding of all vested liabilities upon termination of the Plan or termination of all operations." *Id.* at 278.

In the present instance there is no allegation that the Debtor violated any contractual provisions, and at the time PBGC took over pension plan, it became the sole entity with the power to bring suit to recover trust assets alleged that had been lost.

Based on the foregoing, this Court is satisfied that the claims asserted against the Debtor cannot be maintained as a matter of law and should therefore be dismissed. Because of this conclusion, it is clear that this Court has no jurisdiction to consider the claim of Naimoli against the individual non-debtor defendants under the theory of supplemental jurisdiction.

It appears from the foregoing that this Court failed to consider the Defendants' contention that there is no legal basis to sustain Naimoli's claim that this Court has supplemental jurisdiction of the litigation between Naimoli and the individual defendants, all of whom are non-debtors. It is evident that the underpinning of supplemental jurisdiction is the claim of Naimoli asserted against the Debtor. If this claim is, as a matter of law, not a valid claim which could be asserted, the underpinning is lost and the entire Complaint should be dismissed for lack of subject matter jurisdiction because there is no supplemental jurisdiction.

A complaint is properly dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint must be dismissed for lack of subject matter jurisdiction if the court has no basis for jurisdiction or if the plaintiff lacks standing to pursue the claims. *See Nat'l Parks Conservation Ass'n v. Norton,* 324 F.3d 1229, 1242 (11th Cir.2003); *Gallucci v. Grant,* 931 F.2d 738, 744 (11th Cir.1991).

It is well settled that bankruptcy courts have jurisdiction over "all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). The Eleventh Circuit has adopted the following test to determine whether an action is "related to" a case under Title 11:

"The . . . test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's right, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir.1990) (quoting *Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)).

 This Court's jurisdiction is limited and, unless the pleading asserts a claim which is "core" or at least related to a case under Title 11, this Court has no jurisdiction. It cannot seriously be gainsaid that any of the claims asserted by Naimoli are not within the "core" jurisdiction of this Court within the meaning of the definition in 28 U.S.C. § 157(b).

This leaves for consideration the other possible basis for jurisdiction, which is that the claim is "related to" a Chapter 11 case and thus the claim is within the jurisdiction of this Court by virtue of Section 1334(c)(1). The Code does not furnish a definition of the term "related to." As noted above, *Lemco* defined related to as the proceeding conceivably having an effect on the estate. In this case, the Plan of Reorganization of the Debtor was confirmed on August 8, 2002, and has been substantially consummated. Thus, the outcome of this litigation does not and cannot have any impact on the reorganization process which, for all practical purposes, has been completed.

Naimoli contends that, even if his claim is not "core," it is related to the Chapter 11 case of the Debtor and this is sufficient to invoke the doctrine of "supplemental jurisdiction" to support the claims of Naimoli against the individual defendants. To put the position urged by Naimoli in a different way, he can bootstrap the otherwise nonexistent jurisdiction in an acceptable posture by piggy-backing on the jurisdiction of Naimoli's claim against the Debtor. It should be evident from the foregoing that, because Naimoli has no claim against the Debtor, the underpinning of the supplemental jurisdiction is pulled out and the basis to claim supplemental jurisdiction disappears.

Based on the foregoing, this Court concludes that Naimoli has no valid claim against the Debtor as a matter of law, and that on the facts as pled, there is no claim under which Naimoli would be entitled to relief against the Debtor. As such, any remaining claims involve non-debtor parties over which this Court has no subject matter jurisdiction. Based on the foregoing, this Court concludes that, even assuming there was a factual error made in the June 3rd Order, it is of no consequence and the Defendants' Motion to Dismiss was properly granted. Naimoli's Motion for Reconsideration and rehearing shall be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Reconsideration and Rehearing (Doc. No. 146) be, and the same is hereby, denied.

DONE AND ORDERED at Tampa, Florida, on ———————.